**PETER ADAMSON COAL & MINING CO. v. PRINGLE et al.**

No. 22873.   Opinion Filed Feb. 16, 1932.

G. J. Quilter, Morton Rutherford, and James W. Cosgrove, for petitioners.

Anton Koch, for respondent William Pringle.

CULLISON, J. This is an original action before the Supreme Court to review an award of the State Industrial Commission made to William Pringle on the 27th day of August, 1931.

Said order and award is in words and figures as follows, to wit:

"Order.

"Now, on this 27th day of August, 1931, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to hearings had at Tulsa, Okla., on the 16th and 17th of July, 1931, before Commissioner Fred H. Fannin on motion of claimant to reopen cause and award further compensation; at which hearings claimant appeared in person and by his attorney, Anton Koch, the respondent and insurance carrier being represented by James W. Cosgrove & Gordon J. Quilter, and the Commission, after examining the testimony taken at said hearings, all the reports on file, and being otherwise well and sufficiently advised in the premises, finds:

"(1) That heretofore, on the 13th day of January, 1926, the Commission made and entered an order approving stipulation and receipt entered into by and between the parties herein on the 18th day of December, 1925, for the payment of compensation in the total sum of $678 for 37⅔ weeks' temporary total disability, resulting from the accidental injury sustained by claimant on September 4, 1923, arising out of and in the course of his employment with respondent herein.

"(2) That on the 26th day of May, 1931, claimant filed a motion with the Commission on the grounds of change of condi-

tion, alleging he now has a partial paralysis of the legs from the hips down; that there is a marked deformity of the back which has grown stiff, and that he is unable to move about without the aid of crutches.

"(3) That the claimant has suffered a change of condition and that he is now totally and permanently disabled as a result of said injury.

"(4) That the average daily wage of claimant at the time of the injury was $5.

"The Commission is of the opinion: By reason of the aforesaid facts, that claimant is entitled to compensation under the law to 500 weeks, less 37⅔ weeks heretofore paid, for permanent total disability, computed from the 26th day of May, 1931, at the rate of $18 per week, and that claimant is entitled to all medical expense incurred by him by reason of said injury.

"It is therefore ordered: That within 15 days from this date, respondent Peter Adamson Coal & Mining Company, or its insurance carrier, United States Casualty Company, pay claimant the sum of $237, being compensation from the 26th day of May, 1931, to the 26th day of August, 1931, which is 13 weeks and 1 day, continue to pay claimant compensation weekly or semimonthly, at the rate of $18 per week, until 462⅓ weeks' compensation shall have been paid, from May 26, 1931, for permanent total disability, and pay all medical expenses incurred by claimant as a result of said injury.

"It is further ordered: That claimant's motion to reopen cause and award further compensation be and the same is hereby sustained.

"It is further ordered: That within 30 days from this date, the respondent or insurance carrier herein file with this Commission proper receipt or other report evidencing compliance with the terms of this order.

"Order and opinion by Commissioner Fannin, Chairman Doyle concurring."

Petitioners assign as error two propositions:

First Proposition.

"The evidence introduced in support of the alleged change of condition was insufficient to justify the Commission in making the award of August 27, 1931. On the contrary, the evidence affirmatively and conclusively showed that there had been no change in claimant's condition in so far as his inability to perform labor or earn money was concerned."

Second Proposition.

"The Commission was without jurisdiction to permit claimant to relitigate the finding and award of the Commission dated

December 23, 1924, wherein the Commission found that claimant's disability resulting from said accidental injury, had terminated May 29, 1924, and that claimant was suffering from an old chronic arthritis of the left hip joint and a chronic and inflammatory process in the lumbar spine, but that said disability was not a result of said accidental injury, as said finding of fact became conclusive and binding upon claimant and the Commission."

A reference to the record in the case at bar discloses that the award of August 27, 1931, to be reviewed at this time, reopened the last award made to claimant under date of January 13, 1926, and not the award of December 23, 1924, as contended by petitioners in their second proposition.

The record discloses ample evidence to justify the Commission's award of August 27, 1931, on the grounds of change in condition of claimant since the last award of January 13, 1926.

Claimant testified that he had received no other injury since the injury received on September 4, 1923. He further testified:

"Q. Has your condition grown worse after January 13, 1926? A. It has. Q. Have you tried to work since that time? A. Absolutely tried, yes, sir. Q. You found you can't work? A. I found I can't do it."

Doctor Hayden, testifying for claimant, testified that he had examined claimant for the injury he received September 4, 1923, upon two different occasions, namely, in December, 1925, before the award of January 13, 1926, sought to be reopened, and on May 23, 1931, thereafter. Doctor Hayden read into the record his written report of May 23, 1931, and adopted the same as his testimony at the hearing. Said report reads as follows:

"May 23 (1931). I have this day examined William Pringle who was injured while in the employ of the Peter Adamson Coal Company on the 4th day of September, 1923. I have examined him prior to the Commission's award in 1926. I have examined him to-day and I find his back stiff and rigid with a marked deformity. There is a partial paralysis of the legs from the hips down. He is unable to get about without the aid of a crutch. It is my opinion that his condition has changed to the worse instead of improving. I am of the opinion that this man is totally and permanently disabled to perform manual labor and that this condition is the result of the injury received on the 4th day of September, 1923. * * *"

Doctor Nelson, testifying for claimant, stated that claimant's condition at the time of the hearing was not due to some chronic condition, but was traumatic arthritis due to the injury at the head of the femur.

The foregoing testimony adduced at the hearing is certainly competent evidence, sufficient to establish that claimant had suffered a change in condition, due to the original injury, and of such a nature as to absolutely prevent claimant from performing labor or earning money.

The third finding of fact in the award of August 27, 1931, sought to be reviewed, dealing with the changed condition of claimant, is thus based upon competent evidence reasonably tending to support the same. Under the well-known rule of this court in such cases, the said finding of fact in said award will not be disturbed upon review by this court. Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 Pac. 633.

Petitioners' second proposition, contending that the Commission was without jurisdiction to relitigate its former and preceding award, does not seem to be well founded.

Section 7296, C. O. S. 1921, provides:

"Review of Awards: Upon its own motion or upon the application of any party in interest on the ground of change in conditions, the Commission may, at any time, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

The foregoing section of our law deals with the Commission's jurisdiction to review its award on the ground of a change in condition. Said section was construed by this court in the case of Lane & Wasson Co. v. Wright, 126 Okla. 53, 258 P. 728, as follows:

"Where the Industrial Commission has made an award to a claimant for temporary injuries and it later develops that instead of injuries being temporary, the same has become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized, under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

Under the foregoing authority, petitioner's second contention cannot be sustained.

After a careful examination of the evidence in the case at bar and the order of the State Industrial Commission made thereon, we hold: That said evidence is sufficient to support the order of the Commission allowing claimant's motion for additional compensation by reason of a change in condition.

The petition to review is denied, and the award is, in all things, affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.