## GEIS PRICE GRAIN CO. et al. v. BAILEY et al.

No. 22365. Opinion Filed March 15, 1932.

Hal Crouch, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action in this court to review an award of the State Industrial Commission, made and entered on the 30th day of April, 1931, in favor of C. G. Bailey, wherein the Industrial Commission awarded the said C. G. Bailey permanent partial disability. The Industrial Commission found that the respondent herein, C. G. Bailey, on the 13th day of June, 1930, sustained an accidental injury while engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, arising out of and in the course of his employment with the Geis Price Grain Company, petitioner herein, consisting of a sprained back and hip joint. That his average daily wage was $4. That temporary total disability has heretofore been paid; and further found that his wage-earning capacity in the same employment, or otherwise, has decreased from $3.75 to $2 per day, by reason of the permanent partial disability, and that the respondent herein, claimant below, is entitled to 66⅔ per centum of the difference between his average weekly wages at the time of the accidental injury, and his wage-earning capacity thereafter, in the sum of $6.96 per week, payable during the continuance of such permanent partial disability, not to exceed 300 weeks from the 19th day of July, 1930, and ordered that said compensation be paid at the rate of $6.96 per week until the period of 300 weeks has been paid or until otherwise ordered by the Commission.

The petitioners herein present their assignments of error under three propositions, as hereinafter set out:

Proposition 1. "The order of the Commission of August 13, 1930, approving the stipulation and receipt is of the same force and effect as an order and award of the Industrial Commission."

Proposition 2. "The Commission's order of August 13, 1930, approving the stipulation and receipt not having been appealed from, became final and the Commission was without jurisdiction to reopen the case and award further compensation in the absence of a showing of a change of condition."

The record discloses that a stipulation and receipt was signed by the respondent herein, C. G. Bailey, on the 2nd day of August, 1930, for temporary total disability.

That thereafter, and on the 13th day of August, 1930, the Commission filed its order approving said stipulation and receipt for temporary total disability, and stated in said order:

"* * * That said amount so paid for temporary total disability be approved.***"

We agree with the contention of the petitioner in error with reference to the first proposition, which was an award for temporary total disability only; and we further agree with the contention of petitioners herein with reference to proposition 2, in so far as it relates to temporary total disability, and that the case was closed in so far as awarding further temporary total disability unless a change of condition was shown.

This was an application to determine permanent partial disability. There has been no determination by the Industrial Commission of permanent partial disability in this cause. There had only been a determination for temporary total disability and an award therefor.

We are of the opinion that the Commission had jurisdiction to reopen the case and determine the degree of permanent partial disability to respondent herein, if any, without a change in condition of the claimant below.

In the case of Thompson v. State Industrial Commission, 138 Okla. 166, 280 P. 597, in the second paragraph of the syllabus, this court said:

"Under section 7290, C. O. S. 1921, as amended by chap. 61, sec. 6, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded."

See Turner Drilling Co. v. Pendley, 142 Okla. 290, 286 P. 886; Dillon v. Spanhanks, 139 Okla. 32, 280 P. 1100.

The contention of the petitioners on the second proposition is without merit and the application to determine permanent partial disability could be determined by the Commission without a change in condition. The Commission, not having made an award for permanent partial disability, had jurisdiction to determine that issue, if there existed a permanent partial disability.

The petitioners contend under proposition 3:

"There is absolutely no evidence in the

record to support the Commission's finding that the claimant was partially permanently disabled."

The respondent herein testified that he started to go into an elevator to get a piece of iron that had fallen down, that the air leaked out of the cylinder and let the dump fall, and that he jumped to get out of the way and hit his back against the driveway floor. That he was laid up about five weeks and four days, and was finally advised by the doctor that he could go back to work if he did not have to do any heavy lifting. That he was put to digging in a ditch, and that he was unable to do the work assigned to him, and that he was discharged from the service and advised by one of his employers that he was not in a condition to do the work as the work was too heavy for him and that they had to let him go. That since his injury he has been unable to do ordinary labor, that he has tried to do several kinds of work and finds that he cannot do any hard heavy work or do any lifting and suffers pain in the small of the back and left hip, and the pain comes down below his knee and ankle in his left leg. That he cannot do any stooping over and that he cannot do the work that he previously did. That his earning capacity at the time he was disabled was $22.50 per week, and that his wages at this time are $2 per day. At the time he received the injury, he was an able-bodied man.

Dr. H. H. Scaggs testified that he had treated the respondent herein from July 3, 1930, for practically every day for 15 treatments, and that the respondent had considerable acute pain in the left side and nerve of the left leg and that he presumed the cause was from the fall he had and the striking of his back. That he examined him the day before the hearing and found the third and fourth lumbar vertebrae sprained and some tenderness of the ilium, and that extremely heavy lifting, something that might have a tendency to tire those muscles, might cause a reoccurrence and that stooping over for quite a while and raising up is apt to tear the muscles. And further testified:

"Q. In your opinion, would you say he is permanently partially disabled? A. Well, that is rather a hard question to answer; the inverted cartilege is thin and he is apt to have a more or less weak back all of the rest of his life. Q. That is your opinion? A. Yes."

The questions as to whether the respondent herein has a permanent partial disability by reason of the injury, and the amount of decreased earning capacity by reason of the partial disability, are questions of fact to be determined by the State Industrial Commission, and its findings and award thereon will not be disturbed by this court, where there is any competent evidence reasonably tending to support the same; and we are of the opinion that there is competent evidence reasonably tending to support the same.

The respondent, C. G. Bailey, does not complain as to the amount of the award.

The award is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., absent.

Note.—See under (2), 28 R. C. L. 820. (3), annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.