## LOFFLAND BROS. DRILLING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 23094. Opinion Filed April 26, 1932.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

McNEILL, J. This is an original action in this court to review an order and award of the State Industrial Commission, made and entered on October 28, 1931, in favor of the respondent, Fred Manke, against the petitioners, Loffland Bros. Drilling. Company and the Travelers Insurance Company, wherein the Commission awarded respondent compensation for permanent partial disability, the Commission having heretofore, on November 24, 1930, awarded respondent compensation for temporary total disability.

The Commission, in its order of November 24, 1930, made no finding that the respondent suffered a permanent disability. The order, in part, is as follows:

"(1) Claimant herein on and prior to May 29, 1930, was in the employment of this respondent and engaged in a hazardous occupation within and covered by the Workmen's Compensation Law.

"(2) Arising out of and in the course of his said employment claimant, on May 29, 1930, sustained an accidental personal injury, as a result of which claimant was temporarily totally disabled from the date of said injury to August 20, 1930.

"(3) That the average wage of claimant at the time of said injury was $7 per day.

"The Commission is of the opinion, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $18 per week, from the date of said injury, less the statutory 5-day waiting period, to August 20, 1930, less any sum or sums heretofore paid as compensation in this case."

The Commission made its order for compensation in accordance with said findings. This order became final. Neither of the parties attempted to have this court review the same. Consequently, the original injury occurring on May 29, 1930, was compensable.

The order of October 28, 1931, in part is as follows:

"(1) That claimant herein on and prior to May 29, 1930, was in the employment of this respondent and engaged in a hazardous occupation within and covered by the provisions of the Workmen's Compensation Law.

"(2) Arising out of and in the course of his said employment, claimant, on May 29, 1930, sustained an accidental personal injury as a result of which he was temporarily totally disabled, and was heretofore awarded compensation at the rate of $18 per week, to August 20, 1930, by order of this Commission dated November 24, 1930. The Commission further finds:

"(3) That claimant has sustained a 25 per cent. permanent disability to his right hand and a 5 per cent. permanent disability to the right leg.

"The Commission is of the opinion, on consideration of the foregoing facts, by reason of the fact as above stated, claimant having sustained a partial permanent disability to two members, viz., 25 per cent. permanent disability to the right hand, and 5 per cent. permanent disability to the right leg, compensation to which he is found entitled herein, shall be based on 500 weeks, or 15 per cent. of a permanent total disability, same being 75 weeks, computed from August 20, 1930."

The petitioners insist on the following propositions:

"Proposition 1. The issues pleaded and the scope of the hearings of October 27, October 28, and November 10, 1930, did fully involve the question of permanent partial disability, and therefore the order of November 24, 1930, based on these three preceding hearings, which order was reconsidered and affirmed on December 2, 1930, became final for want of appeal or attack, and no appeal or attack having been made thereon for 30 days from said settlement, became final. (No attack was made directly thereon until April, 1931, more than four months thereafter.)

"Proposition 2. While the cause was reopened on application filed February 13, 1931, and April 20, 1931, to determine extent of disability, no claim or allegation of change of condition was made and no proof of change of condition was produced. In fact, the proof offered at these hearings did not show a change of condition, and was largely a restatement of the facts and disability testified to in the previous hearings of November and December, 1930.

"Proposition 3. The Commission wrongfully combined two separate accidents in one action or suit, and combining these separate accidents, one to the hand and the other to the leg, made application of C. O. S. 1921, sec. 7290, subdivision 1, which in certain cases permits the combining of two separate injuries as constituting a total disability, and the Commission averaged the loss in these two separate accidents (total 15%) and applied the 500-week schedule contained in sec. 7290, subdivision 1, taking 15% of 500 weeks' compensation, or 75 weeks. The proper basis of compensation, in any event, would be injury to knee 5% of 150 weeks or 7½ weeks, injury to hand 25% of 200 weeks or 50 weeks, total 57½ weeks."

It is unnecessary to detail the various motions and hearings in view of the finding of the Commission that respondent suffered a compensable injury on May 29, 1930.

A brief summary of the relevant facts are: Respondent, an oil field worker, on May 25, 1930, while working for Loffland Bros., suffered an injury to his right hand, which was caught under a "crown block" and crushed. On May 29, 1930, while carrying a roll of tar paper on the roof of a shed for said company, respondent fell and received further injury to his hand and twisted his right knee in a fall. He was sent to the hospital and remained there until August 20, 1930.

Petitioners urged that respondent was suffering from a disease, and that his disability was not due to the injury which he had received, but was due to his diseased condition. There is evidence that he was suffering from arthritic condition. Respondent offered evidence showing that his disability was due to said injury, or to an aggravation of a pre-existing disease caused by said injury, which he had received on May 29, 1930.

Under the Workmen's Compensation Law, an injured employee is entitled to compensation for both temporary and permanent disability if the evidence is sufficient to show such disability. Lane & Wasson v Wright, 126 Okla. 53, 258 P. 728; Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566; Amerada Petroleum Corp. v. Williams, 134 Okla. 177, 272 P. 828; Christian v. Hanna, 144 Okla. 89, 289 P. 708; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176; Peter-Adamson Coal & Mining Co. v. Pringle, 155 Okla. 122, 8 (2d) 51; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424.

In the case of Peter-Adamson Coal & Mining Co. v. Pringle, supra, this court said, in syllabus paragraph 1, as follows:

"Where the Industrial Commission has made an award to a claimant for temporary injuries, and it later develops that instead of injuries being temporary, the same have become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized, under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

This court, in the case of Geis Price Grain Co. v. Bailey, supra, in syllabus paragraph 1 said:

"In a cause before the State Industrial Commission, where previous award has been made for temporary total disability and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition."

The Commission never made a finding as

to permanency of respondent's disability in its award of November 24, 1930. Due to his arthritic condition, revealed by the evidence, the Commission very properly made no finding on the question of the permanency of the disability, but left the same open for future consideration and determination, even though it had been specifically requested to make such finding by respondent. The overruling of respondent's motion to make a finding on the permanency of his disability cannot be construed as a finding that respondent was not suffering from a permanent disability. He was only compensated up to the time he was discharged from the hospital, which discharge had been made at his own request, and such compensation was specifically for temporary total disability. At the time of the hearing on October 28, 1931, there was evidence that respondent was suffering from a permanent partial disability to his hand and leg, due to the original injury, as found by the Commission. The Commission in its award found that respondent sustained a 25 per cent. permanent partial disability to the right hand and a 5 per cent. permanent partial disability to his right knee. The Commission made its computation by adding the percentage of these disabilities and dividing the result by two. The quotient obtained was used for computing the award upon basis of 500 weeks under section 7290, C. O. S. 1921. We find no error in this. See American Tank Co. v. State Industrial Commission, 153 Okla. 117, 5 (2d) 137; Barnsdall Refining Co. v. Ramsdall, 149 Okla. 99, 299 P. 499.

We find no prejudicial error. Award affirmed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. O. J., and RILEY and CULLISON, JJ., absent.

Note.—See under (2), annotation in L. R. A. 1916A, 257; 28 R. O. L. 820.