## INTERSTATE WINDOW GLASS CO. et al. v. KITCHENS et al.

No. 23849. Opinion Filed Dec. 20, 1932.

Owen & Looney, P. N. Lindsey, and J. F. Swanson, for petitioners.

B. H. Carey, for respondents.

HEFNER, J. This is an original proceeding in this court by the Interstate Window Glass Company and the United States Fidelity & Guaranty Company to review an order of the Industrial Commission awarding compensation to J. A. Kitchens.

The record shows that claimant, while working for petitioner window glass company, received an injury to his right eye on April 29, 1925, by being struck by a knot from a board on which he was working. Claimant was awarded compensation therefor on January 5, 1927, for 75 per cent. permanent loss of vision in his right eye. On March 26, 1932, claimant filed a motion to reopen the case and prayed that he be allowed additional compensation because of a change in condition. A hearing on this motion was concluded June 13, 1932, and the Commission found that there was a change of condition since the prior award; and that, by reason of the injury sustained April 29, 1925, claimant had sustained a permanent total loss of vision of the right eye, and 55 per cent. permanent partial loss of the vision of his left eye; and allowed him compensation therefor in the sum of $6,975. payable at the rate of $18 per week, less the sum of $1,350 paid under the order of January 5, 1927. The Commission also ordered that claimant's attorney be paid the sum of $450, and that the last 25 weekly payments of compensation due claimant be awarded in a lump sum, without discount, in order to pay the attorney's fee.

Petitioners first contend that there is a total lack of evidence to support the finding of the Commission that claimant had sustained a 55 per cent. permanent partial loss of vision of his left eye. Dr. Gray and Dr. Guthrie testified, at the time of the hearing on the motion to reopen the case, that claimant had sustained complete loss of the vision of his right eye, and 80 per cent. loss of vision of his left eye; and that in their opinion this condition was due to the original injury. Dr. Gray testified that in his opinion claimant's loss of vision in his left eye was permanent. Dr. Westfall testified on behalf of petitioners that claimant had a total loss of vision in his right eye, and 51.1 per cent. loss of vision in his left eye, and also testified, in effect, that the loss of vision of the left eye was permanent, but, in his judgment, such loss was due to bad teeth and not to the injury. Under our statutes applicable to these cases, this evidence is sufficient to sustain the finding of the Commission that claimant's loss of vision in his left eye is permanent.

It is next contended by petitioners that

the Commission erred in awarding claimant compensation for 55 per cent. permanent loss of vision of his left eye, for the reason that at the prior hearing it was shown that he had sustained a small percentage of loss of vision in that eye, and that such percentage should have been taken into consideration and deducted from the percentage allowed due him at the last hearing. The record shows that at the former hearing the evidence was not conclusive that claimant had sustained a percentage of permanent loss of vision in his left eye. The Commission found at that time that he had only sustained a 75 per cent. permanent loss of vision of his right eye, and allowed him nothing for the loss of vision of the left eye. Under this finding, it cannot be said that claimant had sustained any loss of vision in his left eye at the time of the prior hearing, and that the entire injury to his left eye has not materialized since that time.

By the great weight of the evidence, it is shown that claimant has sustained an 80 per cent. permanent loss of vision of his left eye. The Commission found that he had sustained a 55 per cent. permanent loss of vision. Even though we should hold that the record sustains the contention of petitioners that the evidence shows claimant to have sustained an 80 per cent. loss of vision of his left eye at the time of the first hearing, we would not, in this hearing, reverse the award allowing him additional compensation based on a 55 per cent. permanent partial loss of vision thereof.

It is further urged that the Commission erred in commuting the last 25 periodical payments in the sum of $450 in a lump sum, and awarding the same to claimant as attorney's fees. Under section 7298, C. O. S. 1921 [O. S. 1931, sec. 13364], the Commission is authorized to allow claims for legal services. Section 7299, C. O. S. 1921 [O. S. 1931, sec. 13365], authorizes the Commission to commute periodical payments to a lump sum. In the case of Manahan Drill. Co. v. Brazzell, 153 Okla. 23, 4 P. (2d) 745, this court held that the matter of commuting payments and ordering payment in lump sum is addressed to the sound discretion of the Commission, and that this court, on petition to review, will not set aside its order in this respect unless such a clear abuse of discretion is shown that it can be said that the Commission erred as a matter of law in making such award. No abuse of discretion is shown in the instant case, and the Commission did not err in commuting these

periodical payments in a lump sum and ordering the same paid claimant as attorney's fees.

The petition to vacate is denied.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.