## CONTINENTAL SUPPLY CO. et al. v. KIRK et al.

No. 23841.   Opinion Filed May 16, 1933.

292

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Earl Sadler, for respondent.

WELCH, J. This is an original action to review an award of the State Industrial Commission made and entered on the 17th day of June, 1932, wherein the Commission awarded G. G. Kirk compensation for permanent partial disability at the rate of $17.31 per week for a period of 25 weeks.

The facts are that on March 1, 1929, claimant, while employed by the Continental Supply Company, sustained an accidental personal injury arising out of and in the course of such employment, and within the terms and provisions of the Workmen's Compensation Act of this state. His injury was caused by a falling iron pipe, which struck the claimant on the head and shoulder. He was rendered unconscious for a short time and was removed to a hospital where he remained under treatment of a physician for approximately seven days.

On March 8, 1929, claimant filed with the State Industrial Commission "Employee's first notice of injury and claim for compensation" on form 3, as provided by the Commission. This notice of injury and claim for compensation contained the following:

"Cause of accident: Falling of 2½ inch pipe about 16 feet. Nature and extent of injury: Struck back of head and shoulder, cutting three-inch gash back of head, injured shoulder severely, knocked unconscious."

On March 9, 1929, employer's first notice of injury on form 2, as prescribed by the Commission, was filed, reciting:

"Describe in full how accident occurred. A joint of 2 inch-line pipe (being used by the steel workers) fell from the rafters, the end of the pipe hitting the man on the head and right shoulder."

On March 13, 1929, attending physician's report on form 4, as prescribed by the Commission, was filed. This report contained the following:

"Give an accurate description of the nature and extent of the injury: Claimant was hurt by having a pipe fall 2 ft., striking his right shoulder and right side of head. Describe treatment: Shoulder examination does not reveal any serious trouble. Head shows 2½ inch cut on it which was bleeding and which has been sewed up, X-ray was taken of head and shoulder. For what period, from the date of accident, is disability like to exist? Indefinite."

On April 24, 1929, a stipulation and receipt on form 7 as prescribed by the Commission was filed, which recites the nature of the injury was, "injury head and shoulder," and that the extent of disability was "temporary total." This stipulation shows that employee returned to work April 17, 1929, and that he was paid a total of $103.86, in full for temporary total disability. This stipulation and receipt is indorsed "approved by the State Industrial Commission on April 25, 1929," stamped thereon.

No further action was taken in the case until April 15, 1932, when claimant filed with the Commission a motion for hearing, in which he alleged that the accident occurred as above set out, and that he had been paid for temporary total disability as above shown. He alleged further that his condition had grown worse since the approval of the stipulation and receipt for temporary total disability, and since the award of the Commission thereon, and alleges that he was then suffering from severe headaches and loss of hearing, and alleged that by reason of such head injury he had sustained a permanent partial loss of vision. At no time prior to the order of the Commission of which complaint is herein made, has there been a finding or determination by the State Industrial Commission that the claimant did or did not suffer a permanent disability. After a hearing conducted by the Commission upon this motion, the State Industrial Commission entered its award of which petitioners herein complain.

Petitioners first urge that there is no competent testimony to sustain the finding of the State Industrial Commission that there has been a change of condition, and such finding is contrary to the evidence and contrary to law. In Dailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738, this court held in the first syllabus paragraph thereof:

"In a cause before the State Industrial Commission, where previous award has been made for temporary total disability and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to plead and prove a change in condition."

The facts in the pleadings in the Rand Case, supra, are almost identical with the facts and pleadings in the instant case in so far as this question is concerned, and we think the first syllabus paragraph in the Rand Case, supra, is controlling herein. To the same effect are Loffland Bros. Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096, and Geis-Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424, and upon the authority of these cases we hold adversely to this contention on the part of the petitioners herein.

Petitioners contend, further, that the claim for compensation for loss of hearing and loss of vision was barred by the statute of limitations, and the Commission was without jurisdiction to award compensation for same. In this connection they cite section 7301, C. O. S. 1921 [sec. 13367, O. S. 1931], which provides as follows:

"Rights—barred after one year's neglect. The right to claim compensation under this act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

The argument in this connection is based upon the assumption that the claimant in no way made any mention of the loss of vision or hearing from which petitioners might have learned that claimant sustained any such injury; that the first intimation petitioners had that claimant was suffering from loss of vision or hearing was upon the filing of his motion on April 15, 1932, which was more than one year subsequent to the date of the injury. Petitioners cite in support of their argument Cagle v. Federal Mining & Smelting Co., 112 Okla. 247, 240 P. 617. An examination of this case leads us to the conclusion that it is not in point. In the Cagle Case the injury was to the knee. Notice to this effect was given and compensation paid based upon the knee injury. Subsequent thereto, and after the one-year period had expired, notice was given that claimant's shoulder had been injured. This court denied the right of the State Industrial Commission to make an award for the shoulder injury, upon the theory that the shoulder injury, for which award was made, was disassociated as an effect from the first injury.

In the instant case Dr. Shelton, introduced as an expert witness, testified as follows:

"Q. Doctor, isn't it true a man can receive a blow any place about the head, if it is sufficient enough, it would cause him to have loss of vision and loss of hearing? A. Yes, that is what our authorities teach us. Most of these cases we cannot explain —the whys and theories of it, but it is accepted as a fact, and we are so taught. Q. Assuming, Doctor, that a man received a severe blow on his head, which rendered him unconscious, if it should cause loss of vision and hearing, would it necessarily manifest itself immediately after the injury, or how soon would you expect to see it? A. You wouldn't expect it immediately afterwards; sometimes some forms of loss of hearing—for instance, this fellow's, that worked on awhile, has a very great loss at the time, but it clears up in a few weeks and reaches its amount of efficiency, and it begins to retrograde; and all of these nerve involvements don't occur immediately after an accident; they begin manifesting themselves from three or four weeks to probably six months after an injury. Q. And the same is true about the eye? A. Yes, sir."

From the above evidence we think it clear that the loss of vision and loss of hearing for which award was made in this case, may be readily said to be directly associated with a head injury, of which petitioners had full knowledge at all times from the date of the injury. In Earl W. Baker & Co. v. Maples, 155 Okla. 105, 8 P. (2d) 46, this court held:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it state in ordinary language the nature and cause of an injury. If the evidence before the Commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation."

In Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. (2d) 470, we held in the first syllabus paragraph:

"Strict rules of pleadings are not enforced in proceedings before the State Industrial Commission. When a cause is properly before the Commission, the entire range of disability mentioned in the statutes may be inquired into, and an award may be made in accord with the facts shown by the evidence."

To the same effect is Combination Drilling Co. v. Wiggs, 163 Okla. 88, 20 P. (2d) 901.

The record in the instant case clearly discloses that petitioners had notice of a severe injury to the head, and the expert testimony introduced is such as to show that a loss of vision and loss of hearing may be readily associated with such an injury, and we hold therein that the record before the Commission, and the claim as filed, were

sufficient to put petitioners on notice of such an injury as forms the basis of the award herein.

The award of the State Industrial Commission is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.