## WESTERN OIL CORP. et al. v. DAVIS et al.

No. 24032. June 27, 1933.

Rehearing Denied July 12, 1933

Application to File Second Petition for Rehearing Denied Sept. 19, 1933.

Owen & Looney and Paul Lindsey, for petitioners.

Murrah & Bohanon, for respondent.

BUSBY, J. This is an original action to review an order and award made by the State Industrial Commission on the 17th day of August, 1932. Claimant, R. W. Davis, contends that he received an accidental injury on May 21, 1929, and on May 29, 1929, while in the employ of the Western Oil Corporation and R. Travis Senter Refining Company. The parties will be referred to herein as claimant and respond-

ent, as they were before the Industrial Commission.

Several hearings were had before the Industrial Commission, and a finding was made that claimant sustained an accidental personal injury to his back and lower spine by lifting pipe. The claimant continued to work after his injury for nearly a year. It appears that he made no complaint to his employer, and continued in his regular line of duty for this period of approximately twelve months. There is a great deal of testimony to the effect that the condition of the claimant's back was caused entirely by focal infection from his teeth and tonsils, and not from the injury. On September 29, 1930, the Commission made an order which contained, among other things, the following:

"It is, therefore, ordered that within ten days from this date, the respondent Western Oil Corporation and/or Travis-Senter Refining Company, pay the claimant herein 18 weeks' compensation at the rate of $18 per week,·or $324 as temporary total, computed from May 15, 1930, to September 23, 1930, by reason of the aforementioned accident."

On September 21, 1931, claimant filed a motion to reopen the case on the ground of change of condition. Several hearings were had on this motion, and on February 12, 1932, the Commission entered an order finding that the evidence introduced by the claimant was insufficient to show a change of condition since the last order of the Commission. Before 30 days had expired, however, claimant filed supplemental motion to reopen the case on the ground of change of condition, and the motion was sustained. At the later hearing, had on the 17th day of August, 1932, the Commission entered the order appealed from, which found, in substance, that the claimant sustained accidental injuries which arose out of and in the course of his employment with the respondent; that he was engaged in an occupation covered by the Workmen's Compensation Law; that as a result of his injury, claimant was temporarily totally disabled from May 15, to September 23, 1930; that subsequent to September 29, 1930, claimant suffered a change in condition to the extent that his injuries were permanent in nature and quality and that claimant "is totally and permanently disabled." Claimant was allowed compensation for a period of 500 weeks at the rate of $18 per week, less $324 paid for temporary total disability in compliance with the first order of the Commission. This order was made August 17, 1932.

Respondents in their brief urge that the Commission's order be vacated because the evidence with reference to a change in condition was insufficient to support such finding. From a review of this evidence taken at the subsequent hearing after the temporary total disability allowance had been made, it is doubtful if the same was sufficient to justify the Commission in making a finding that there was a change in claimant's condition.

This was unnecessary, however, inasmuch as this court has held in the case of Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424, as follows:

"In a cause before the State Industrial Commission, where previous award has been made for temporary total disability and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition.

"Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability as a specific injury, and thereafter same may subsequently become permanent partial disability for which compensation may be awarded."

While the evidence in this case with regard to claimant's injuries is weak, yet we are unable to say that there is not some competent evidence supporting it. The award in this case was the maximum, and probably is much more than the testimony indicates claimant was entitled to. But under the decisions of this court, we are forced to hold that the award should be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. WELCH, J., absent.