## INTERSTATE WINDOW GLASS CO. et al. v. CANDLER et al.

No. 24524.   Oct. 24, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

Emerson & Carey, for respondents.

OSBORN, J.  This is an original action to review an award of the State Industrial Commission made in favor of Adolph Candler and against the Interstate Window Glass Company.

Claimant, as an employee of the petitioner, was injured on November 3, 1926, when a large piece of glass fell and cut his right leg.  Compensation for temporary total disability was paid to January 17, 1927.  On January 26, 1927, petitioners filed a motion to suspend compensation.  A hearing was had on said motion, and on July 9, 1927, the Commission entered the following order:

"That on and prior to November 3, 1926, claimant was in the employment of the Interstate Window Glass Company and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"That in the course of and arising out of his said employment, claimant, on November 3, 1926, sustained an accidental injury, which resulted in his being temporarily totally disabled to January 17, 1927.

"That the average wage of claimant at the time of said injury was $24.92 per week.

"The Commission is of the opinion, on consideration of the foregoing facts that the motion of respondent and insurance carrier to discontinue compensation as of January 17, 1927, should be sustained.

"It is therefore ordered: That motion of respondent and insurance carrier to discontinue compensation as of January 17, 1927, be and the same is hereby sustained and this cause dismissed."

On November 19, 1932, claimant filed a motion to reopen alleging a change of condition and that he had not been paid any compensation for permanent partial disability, and requested a hearing to determine the extent of his permanent partial disability, and that he be awarded appropriate compensation therefor.  A hearing was had on said petition, and on February 17, 1933, the Commission entered an order reopening the case and finding that plaintiff had sustained a change in condition for the worse and now has a 30 per cent. permanent partial disability to his right leg, and ordered payment of compensation for 45 weeks at the rate of $16.61 per week, and in addition ordered the payment of $100 to claimant's attorneys as attorney fees.  The petitioner appeals from the above order.

It is not contended that the claimant has not suffered a permanent partial disability to his leg.  Testimony of the doctors is that there has been a formation of scar tissue and a permanent injury to the nerves and muscles of the foot and ankle, causing continuous pain and resulting in a postural defect with increasing inability to use the foot.

The principal contention advanced by the petitioner is that the Commission did not have jurisdiction to reopen this case and award further compensation to claimant for the reason that there is no competent evidence in the record reasonably tending to support the Commission's finding that the claimant had suffered a change of condition for the worse since the date of July 9, 1927, or, in other words, that the sole authority of the Commission to reopen the case is dependent upon a showing of change in condition.  With this contention we cannot agree.  In the case of Loffland Bros. Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096, it is said:

" 'In a cause before the State Industrial Commission, where previous award has been

made for temporary total disability, and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition.' Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424.

" 'Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws, 1923, the State Industrial Commission may make an award for temporary total disability as a specific injury, and thereafter same may subsequently become permanent partial disability, for which compensation may be awarded.' Geis Price ·Grain Co v. Bailey, 155 Okla. 302, 9 P. (2d) 424."

See, also, Noble Drilling Co. v. Link, 161 Okla. 238, 17 P. (2d) 971; Dailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738; Noel v. Kozak, 148 Okla. 210, 298 P. 298; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Williams Brothers, Inc., v. Addison, 163 Okla. 264, 21 P. (2d) 1047; Continental Supply Co. v. Kirk, 163 Okla. 291, 22 P. (2d) 82; Boettcher v. Marland Refining Co., 163 Okla. 256, 21 P. (2d) 1070. The above cases are applicable and controlling herein. In the order of July 9, 1927, there was no determination as to permanent partial disability. The sole result of said order was to discontinue payment for temporary total disability.

Petitioners further contend that the one-year statute of limitations intervenes from the date of July 9, 1927, to November 19, 1932, the date of the filing of the motion to reopen. Said contention is without merit in view of the continuing jurisdiction of the Commission vested by section 13391, O. S. 1931. See, also, Marland Production Co. v. Hogan, supra; Noel v. Kozak, supra.

Petitioners contend that the Commission was without jurisdiction to order the payment of an attorney's fee in addition to the award granted claimant. Attorneys for the claimant very generously concede that the position of petitioner is correct, but that the Commission has authority to approve a claim for legal services and may commute a portion of the periodical payments to a lump sum and order such payment to claimant as attorney's fee. Interstate Window Glass Co. v. Kitchens, 161 Okla. 71, 17 P. (2d) 462. Claimant's attorneys take the position that the Commission intended that said attorney's fee was to be so computed and did not intend that it should be added to the award of the claimant. This matter can be easily adjusted by the Commission, as we ˙think,

by agreement of the parties, but that part of the award is vacated.

Subject to the modification of the award as to attorney's fee, the award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, BAYLESS, and WELCH, JJ., concur. SWINDALL, McNEILL, and BUSBY, JJ., absent.