### NEW STATE ICE CO. et al. v. SANFORD et al.

No. 25065.　March 6, 1934.

Randolph, Haver, Shirk & Bridges, for petitioners.

Leo J. Williams and Paul L. Arnold, for respondents.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission made in favor of H. A. Sanford, claimant, against the New State Ice Company and the Travelers Insurance Company, respondents.

The record shows that on August 4, 1928, claimant was employed by the respondent New State Ice Company, and while cranking a truck motor the motor backfired and his right arm was broken. Claimant was paid compensation for temporary total disability, and on September 10, 1928, a stipulation of settlement was entered into on the Commission's form No. 7, which was approved by the Commission and the case was closed.

On August 1, 1933, a motion was filed to reopen the case on the ground of a change in condition, it being alleged that, as a result of the injury aforesaid, claimant has sustained a permanent disability to his arm. A hearing was had, and the Commission made the following findings of fact:

"1. That on the 4th day of August, 1928, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law; and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, being an injury to the right forearm (hand).

"2. That the average wage of claimant at the time of said accidental injury was $23.08 per week.

"3. That by reason of said accidental injury claimant was paid compensation for temporary total disability in the amount of $38.47, being two weeks and 3 days at the rate of $15.39 per week, according to stipulation and receipt filed herein September 29, 1928.

"4. That on August 1, 1933, claimant herein filed his motion to reopen his cause and award further compensation on a change of condition, and the Commission finds that claimant has 30 per cent. permanent partial disability to the right hand as a direct result of said accidental injury."

The Commission awarded claimant 60 weeks' compensation, at the rate of $15.39 per week.

The only proposition presented by respondent is that the statute of limitations provided in section 4, ch. 29, S. L. 1933, is applicable. The statute provides as follows:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the

Commission, provided, however, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid, in lieu of compensation.

"The jurisdiction of the Commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Commission had the condition of claimant existed at the time the original award was made thereon, and unless filed within said period of time, same shall be forever barred."

Respondent contends that said statute is retroactive in its operation, and that under the second paragraph the claim is barred. Claimant contends that the statute has no application to this case, since the present claim is not based upon a change in condition. It is further contended that the statute applies only to that class of cases which come under the provisions of section 13362, O. S. 1931, which is as follows:

"Upon its own motion or upon the application of any party in interest, on the grounds of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to a maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall effect such award as regards any money already paid."

In construing any statute it is necessary to take into consideration the legislative intent. Long prior to the passage of this act, this court has pursued the policy of treating the various classes of disability as specific injuries. Smith & McDonnald Drilling Co. v. State Industrial Commission. 133 Okla. 77, 271 P. 142. It was held in numerous cases that, where an award had been made for temporary total disability, it is not necessary to prove a change in condition to sustain a subsequent award for permanent partial disability. Interstate Window Glass Co. v. Candler, 166 Okla. 59, 26 P. (2d) 198; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424; Noble Drilling Co. v. Link, 161 Okla. 238, 17 P. (2d) 971; Dailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738; Noel v. Kozak, 148 Okla. 210, 298 P. 298; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Williams Bros. v. Addison, 163 Okla. 264, 21 P. (2d) 1047; Continental Supply Co. v. Kirk, 163 Okla. 291, 22 P. (2d) 82; Boettcher v. Marland Refining Co., 163 Okla. 256, 21 P. (2d) 1070; Loffland Bros. Drilling Co. v. State Ind. Comm., 157 Okla. 78, 10 P. (2d) 1096.

In the case of Rock Island Improvement Co. v. Sammons, No. 24745, decided January 23, 1934, 167 Okla. 398, 29 P. (2d) 945.

"In a cause before the State Industrial Commission, where previous award has been made for temporary total disability and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition.

"The provision of section 4, ch. 29, S. L. 1933, is applicable only to an award based on a change in condition. It is not applicable to an award for permanent partial disability where the only award theretofore made was for temporary total disability."

Claimant's petition to reopen recites that he had sustained a change of condition, but such allegation is mere surplusage. The Commission made no finding as to a change of condition, but specifically found that claimant had sustained a 30 per cent. permanent partial disability to the right hand as a direct result of the accidental injury. Under the facts in this case, it was not necessary either to plead or prove a change of condition.

The statute involved herein, by its own terms, applies to a cause where the application is based upon a change of condition. It was not the intention of the Legislature that a surplus allegation in the petition to reopen should determine the rights of the claimant. It was undoubtedly the legislative intent to apply said statutes only to those cases which directly involve the establishment of a change of condition in order to entitle claimant to a recovery.

It is not necessary to determine in this case whether or not the statute is retroactive in its effect. The award of the Commission is sustained.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.