## CROXTON & BUCKLIN et al. v. BUCHANAN et al.

No. 25305.    Dec. 27, 1934.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and W. P. Morrison, for respondents.

WELCH, J. This is an original action to review an award of the State Industrial Commission. The emp'oyer, Croxton & Bucklin, and the insurer, Ocean & Accident Guarantee Corporation, are petitioners: the claimant, S. S. Buchanan, and State Industrial Commission are respondents.

The claimant was injured while working for the employer as a tool dresser. The injury was caused by an explosion of a water pump, or an internal combustion engine, and was such an injury as is embraced within the terms and contemplation of the Workmen's Compensation Law of this state. The injury occurred on March 20, 1925, and the claimant was immediately placed in a hospital, where he remained until April 25, 1925, after which he was discharged from the hospital, with instructions from the attending physician not to return to work until six months after the discharge. Claimant's cranium was crushed in the accident, resulting in "fracture skull, left frontal, and base ant. fossa with brain compression." The above related facts are discernible from the employer's and employee's first notice of injury and attending physician's reports filed with the Industrial Commission in March and May, 1925.

On October 21, 1925, there was filed with the Commission a "final receipt and report" prepared on form 7 as furnished by the Commission at that time. This receipt and report, omitting the caption and signatures, is as follows:

"The Compensation paid is as follows:

"Injury occurred March 20, 1925. Disability ended October 13, 1925.

"Employee quit work _____192____ Employee returned to work _____ 192_____

"Did employee receive full wages for day of injury? _____

"Average daily wages $10.00

"Rate of compensation $18.00

"Compensation began March 25, 1925. Total paid employee $522.00

"Period of disability twenty-nine weeks and _____days.

"Total hospital and medical expenses $631.46

"Received of Ocean Accident & Guarantee Corporation the sum of eighteen and no/100 dollars ($18) making in all, with weekly payments already received by me, the total sum of five hundred twenty-two and no/100 dollars ($522) in settlement and satisfaction of all claims for compensation on account of injuries suffered by me by reason of accident on or about the 20th day of March, 1925, while in the employ of Croxton & Bucklin, Norman, Oklahoma."

On October 28, 1925, the Industrial Commission made the following order:

"Approval of Receipt and Report

"It is ordered: That the payment of $15 making an aggregate sum of $522 heretofore paid as compensation in this cause be and the same is hereby approved on this 28th day of October, 1925."

On July 19, 1933, claimant filed with the Commission his "motion to determine extent of permanent partial disability, and to set aside order approving settlement on form 7 on the ground of fraud and change in condition." This motion recited substantially the facts above outlined, and alleged a facial disfigurement as a result of the injury, and alleged, further, that claimant was permanently partially disabled as a result thereof, and prayed for an award of compensation for such disfigurement, and such permanent partial disability.

After hearing was conducted as a result of this motion, the State Industrial Commission, on December 16, 1933, made its order and award; the portions of same which are material to this action are quoted as follows:

"That by reason of said accidental injury the claimant was temporarily totally disabled from the performance of manual labor March 20, to October 13, 1925, or for 29 weeks beyond the five days' waiting period and was paid compensation at the rate of $18 per week, or a total of $522.

"That by reason of said accidental injury the claimant sustained serious and permanent disfigurement by a depression of the frontal bone of the face, resulting in the removal of a part of the frontal bone, leaving a large indentation in the forehead, which pulsates.

"That by reason of said accidental injury the claimant sustained eight and one-half per cent. loss of sight or vision in each eye.

"After viewing the claimant's serious and permanent disfigurement as above described, the Commission is of the opinion that $1,000 would be a reasonable award on account of the claimant's serious and permanent disfigurement."

Therein the Commission made an award for permanent partial disability to the claimant's eyesight, and also an award for permanent disfigurement. The amount of the award or the correctness of the Commission's conclusions of fact regarding claimant's condition are not questioned.

It is this award of December 16, 1933, which petitioners attack in this action, and urge as grounds for vacating same the proposition that the Industrial Commission was without authority to make the award by reason of the provisions of section 13367, O. S. 1931, as amended by section 4, chapter 29, of the Session Laws of 1933.

The portion of the amended statute relied upon provides as follows:

"The jurisdiction of the Commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Commission had the condition of claimant existed at the time original award was made thereon, and unless filed within the said period of time, shall be forever barred."

This provision of law has been construed by this court in Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P. (2d) 945, and New State Ice Co. v. Sanford, 167 Okla. 435, 30 P. (2d) 708. Therein it was held that the same did not apply to cases except those which could be reopened only upon a showing of a change in claimant's condition. If the award here could have been made by the Commission without the necessity of proof or showing of a change in condition, then petitioners' contention must fall under the authority of these cases.

It is apparent, therefore, that the status of the case at the time of the filing of the motion and making the 1933 order and award must be determined here.

It will be noted that the Commission found that the $522 paid to the claimant in 1925 was for temporary total disability only. If this finding and conclusion is justified, then the award must be upheld, for it would then be unnecessary for the claimant to allege or prove a change in condition in order to procure a determination of the question of whether he had sustained a permanent partial disability or permanent disfigurement. Noel et al. v. Kozak, 148 Okla. 210, 298 P. 298; Marland Production Co. et al. v. Hogan et al., 146 Okla. 220, 294 P. 115; Dailey, Crawford & Pevetoe et al. v. Rand

et al., 155 Okla. 229, 8 P. (2d) 738: Geis Price Grain Co. et al. v. Bailey et al., 155 Okla. 302, 9 P. (2d) 424; Loffland Bros. Drilling Co. et al. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096; Simpson Fell Oil Co. et al. v. Tucker et al., 158 Okla. 45, 12 P. (2d) 529; Continental Supply Co. v. Kirk, 163 Okla. 291, 22 P. (2d) 82; Interstate Window Glass Co. et al. v. Candler et al., 166 Okla. 59, 26 P. (2d) 198; Noble Drilling Co. et al. v. Link et al., 161 Okla. 238, 17 P. (2d) 971; William Brothers, Inc., v. Addison et al., 163 Okla. 264, 21 P. (2d) 1047; Boettcher v. Marland Refining Co. et al., 163 Okla. 256, 21 P. (2d) 1070.

The receipt and report approved by the Commission in 1925 appears to be properly considered by the parties as a stipulation of fact submitted by the parties to the Commission as a basis for its action at that time. It appears conceded that the order of October 28, 1925, is an order of the Commission formally approving the receipt and agreement. Such approval is equivalent to an award and becomes final as to all things determined thereby after 30 days, unless suitable action is taken to vacate or modify same. Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155.

We note that this form 7 receipt and report or stipulation is unlike the form 7 stipulation more recently employed by the Commission. The stipulation on form 7 used in the more recent cases specifically designates the extent of disability as "temporary total, permanent, partial," etc. The receipt and report or stipulation in the instant case does not reflect the extent of disability as temporary or permanent, partial or total disability, nor does it reflect the existence or nonexistence of either of these various characters of disability or disfigurement. It does reflect that "compensation paid is as follows: Injury occurred March 20, 1925. Disability ended October 13, 1925."

The attached receipt acknowledges payment of a total of $522 "in settlement and satisfaction of all claims for compensation on account of injury suffered by me by reason of accident on or about the 20th day of March, 1925. * * *" This receipt is a part and portion of the report or stipulation.

Petitioners urge that by virtue of the last above-quoted provision of the receipt, and the approval thereof by the Commission, this amounted to an award of compensation for all disabilities sustained by the accident, whether apparent at the time of the approval or not, or whether reflected in the report or stipulation or whether inquired into or not

by the Commission. If this contention is correct, and if the 1925 approval of the receipt and report amounted to an award for permanent partial disability and for permanent disfigurement, then the Commission could reopen the case for further award only upon a showing of change in claimant's condition, and the Commission would probably be barred from reopening the case by virtue of the 1933 amendment to section 13367, supra, heretofore quoted.

Such receipt, standing alone and employed in transactions where the parties are dealing freely among themselves and in matters other than transactions being taken and had under and in pursuance of the provisions of the Workmen's Compensation Law, might be construed to cover all injuries or damages resulting from an injury, whether then apparent or otherwise. The receipt, however, in this instance is connected with a stipulation of fact regarding the injury, and is dependent for its finality or effectiveness upon the approval of the State Industrial Commission, which approval must be governed by and be within the terms and provisions of the Workmen's Compensation Law, and based upon such report or stipulation. Section 13360, O. S. 1931, contemplates an inquiry by the Commission concerning the facts, and contemplates that such report and receipt shall not be approved unless it is in conformity with the provisions of the Workmen's Compensation Law. The report or stipulation in this case shows that this compensation was paid for a disability resulting from an injury occurring March 20, 1925, which disability ended October 13, 1925. This report evidently furnished to the Commission the facts upon which it based its order of approval. The only facts which it reflects are that the claimant had been paid $522 for a disability which ended October 13, 1925, without disclosing the nature or character of the disability, which confines the approval and award to a much narrower scope than would be the case if petitioners' contentions were correct.

There is nothing in the 1925 order of the Commission, nor in the receipt or report, nor even in the examining physician's report or first notices of injury, from which it may be definitely said that the award resulting from the approval of the receipt and report in 1925 was for temporary total, permanent partial, permanent total disability, or disfigurement, nor is there anything therein which indicates that the Commission considered or determined whether the claimant did or did not sustain a permanent disability or permanent disfigurement. The record made at that time

is incomplete within itself, and is indefinite in that it fails to reflect the character of the award or the questions therein considered and determined. It does, however, definitely appear therefrom that the claimant had been paid $522 for a disability resulting from the injury, which disability ended October 13, 1925.

Under such circumstances it is proper for the claimant to show by competent evidence upon a subsequent hearing the nature of the prior award. Evidence introduced upon the hearing of the motion filed in 1933 by the claimant indicates that the claimant was totally disabled from the time of the injury to October 13, 1925, or for a period of 29 weeks, which was the period of disability for which he was paid in 1925, and we consider such evidence as being ample to support the findings and conclusion of the Commission that the award of $522, made by the Commission in 1925, was in payment of claimant's temporary total disability only. The claimant having theretofore received, an award for temporary total disability only, and there having been no inquiry into or determination of the existence or nonexistence of permanent partial disability or permanent disfigurement, he was entitled to an award for any permanent partial disability or any permanent disfigurement sustained by reason of the accident. Under such circumstances it was not necessary for him to plead or prove a change of condition before the Industrial Commission would have authority to act further in the matter.

The award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY, J., absent.