## PAULY JAIL BUILDING CO. et al. v. AKIN et al.

No. 28524.   Jan. 24, 1939.

Pierce & Rucker and Fred M. Mock, for petitioners.

John Morrison and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J.   This is an original action

in this court to review an award of the State Industrial Commission entered on March 16, 1938, in favor of Thomas J. Akin, hereinafter referred to as respondent, against the Pauly Jail Building Company, hereinafter referred to as petitioner.

On March 3, 1917, respondent, an employee of petitioner, while engaged in a hazardous employment, sustained an injury to his right eye. On March 19, 1917, he filed his notice of injury and claim for compensation, which notice recited that respondent, while engaged in the performance of his regular duties, was struck in the right eye by a piece of steel. The notice stated that he had lost the use of the eye, and that the injury "might be permanent." On March 28, 1917, the commission entered an award for temporary total disability, which was paid for a period of eight weeks, as evidenced by receipts appearing in the record. The receipts disclose that the last payment was made on June 22, 1917.

On December 16, 1937, respondent filed his application to determine the extent of his permanent loss of vision. Various hearings were had on the application, and on March 16, 1938, the Industrial Commission entered its findings to the effect that respondent was totally blind in his right eye and was entitled to compensation for 100 weeks for the permanent and total loss of vision of the right eye, and entered its award accordingly.

It is urged, first, that there is no competent evidence reasonably tending to support the award. In this connection the respondent testified that, on March 3, 1917, he got several small pieces of steel in the pupil of his right eye; that he went to Dr. Von Cannon, at Miami, Okla., who removed the pieces of steel; that he was treated by the Doctor for a period of approximately four weeks; that his eye commenced to blur and he could not see well; that on September 12, 1918, he tried to enlist in the Navy and was turned down because he was blind in the right eye; that he was examined twice in 1918, for the Army and was turned down because of total blindness in the right eye. The record discloses that on November 30, 1920, respondent made an application for a life insurance policy in which he stated that he was "blind in right eye". Dr. C. S. Loy qualified as an expert and testified for respondent that, in his opinion, from the history of the case, the loss of the sight of the eye was a result of the accidental injury of March 3, 1917.

It is not disputed that respondent had sustained a total loss of vision in the right eye. There is some conflict in the evidence as to whether or not the loss of vision is attributable to the accidental injury of March 3, 1917, but this issue is one of fact, and the commission determined the issue by finding, in effect, that the disability was due to the original injury. There was competent evidence to support such finding and the same is binding on this court.

The next proposition is stated as follows:

"A litigant who delays asserting his rights for an unreasonable time, to the disadvantage of another, is guilty of laches."

Petitioner relies upon the case of Barnes v. Indian Territory Illuminating Oil Co., 170 Okla. 520, 41 P.2d 633. That was an action to review an award of the State Industrial Commission, and the court, in the opinion, referred to the equitable doctrine of laches and stated the general rule in syllabus 2 of the opinion. It appears, however, that the decision was not bottomed upon said doctrine. The controlling principle in the case is stated in syllabus 1 of the opinion. We are now of the opinion that the reference to the doctrine of laches in said case was inadvertent, for laches is not a defense at law, though a good defense in equity. If a plaintiff at law has brought his action within the period fixed by the statute of limitations, no court can deprive him of his right to proceed. Wehrman v. Conklin, 155 U. S. 314, 15 S. Ct. 129, 39 L. Ed. 167; Flesner v. Cooper, 62 Okla. 263, 162 P. 1112.

After the claim is filed the jurisdiction of the State Industrial Commission is fixed and there is no time limit set upon the right to enter an award for permanent disability. The State Industrial Commission has a continuing jurisdiction to enter an award for permanent disability. See Interstate Window Glass Co. v. Candler, 166 Okla. 59, 26 P.2d 198; Magnolia Pet. Co. v. Proctor, 169 Okla. 513, 38 P.2d 7; Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P.2d 945; New State Ice Co. v. Sanford, 167 Okla. 435, 30 P.2d 708; Loffland Bros. Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P.2d 1096; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P.2d 424; Pure Oil Co. v. Industrial Commission, 181 Okla. 176, 72 P.2d 779.

The Legislature could set a time limit, but it has not chosen to do so except in certain cases arising under a change of condition, which situation does not exist in the instant case. See Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P.2d 622. In Sinclair-Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P.2d 248, it is pointed out that the petitioner

might have had the extent of the liability for permanent disability determined at any time after the date of the accident. So it is in the case at bar. The petitioner did not choose to do so. It therefore does not stand in a position to complain that too much delay has occasioned a wrong against it. We are asked to apply the general statutes of limitation. We know of none to apply. Any remedy against the situation pointed out by the petitioner must be supplied by the Legislature.

It is next urged that the award is invalid since there is no finding that respondent's disability resulted from the accidental injury. In the case of Amerada Petroleum Corp. v. White et al., 179 Okla. 82, 64 P.2d 660, it was held:

"Where an award for temporary total disability has been made and paid and the commission makes a subsequent award for further temporary total disability as the result of the original injury, it is not necessary that the order recite specifically that the disability was due to the original injury where the record affirmatively discloses such fact. In such case the general finding of the commission in favor of the claimant is in effect a finding of each and every special matter necessary to support a general finding."

We hold said authority to be applicable to the proposition presented.

The award is sustained.

BAYLESS, C. J., and CORN, DAVISON, and DANNER, JJ., concur. GIBSON, J., concurs in conclusion. WELCH, V. C. J., and RILEY and HURST, JJ., absent.