Argued April 22; affirmed May 19, 1936

## CARR *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(57 P. (2d) 1278)

*Victor R. Griggs,* Assistant Attorney General, for appellant.

*Walter T. McGuirk* and *Keith A. Caldwell,* both of Portland, for respondent.

CAMPBELL, C. J.   On July 5, 1934, William A. Carr, while working in Portland, was injured in the course of his employment. He and his employer were under the provisions of the Workman's Compensation Act. He applied to the Industrial Accident Commission, and was awarded compensation at the rate of permanent partial disability equal to 25 per cent of loss of the function of his leg. Thereafter, the commission made

its final order fixing the injured workman's compensation as for temporary total disability for a period of 14 months, and further found that the injured workman sustained a permanent partial disability equal to 22 degrees, and on account of such permanent partial disability, was entitled to an award of $550, and fixed said award payable in monthly instalments of $50.

Thereafter the claimant filed a petition for rehearing which was denied and the final order affirmed. From that order, the workman appealed to the circuit court of Multnomah county. Upon trial, the jury found that plaintiff was permanently and totally disabled by reason of the accidental injury sustained July 5, 1934. The court thereupon made findings and entered judgment in accordance with the verdict and made a further order fixing the attorney's fees at $500, "and the same is hereby ordered paid in a single cash payment forthwith, and that said sum of money be charged against the reserve of the said claimant".

From the order directing the attorney's fees to be paid in a single cash payment, the State Industrial Accident Commission has appealed.

It is the contention of appellant that because the law makes no provision for lump payments to the injured workman, the court has no authority to order the attorney's fee to be made in a lump payment.

Section 49-1827, Oregon Code 1930, as amended by Laws of 1933, chapter 128, § 14, and by Laws of 1935, chapter 46, § 3, reads as follows:

"If, after an award by the commission, a beneficiary has been a nonresident of this state for a period of two years, the commission may, in its discretion, convert any payments thereafter to become due to such bene-

ficiary into a lump sum payment, not in any case exceeding four thousand dollars ($4,000), by paying a sum equal to three-fourths of the present value of such payments, estimated as to duration by the life expectancy of the beneficiary in case of death or total permanent disability and computed according to the American mortality table, and on the basis of interest at the rate of 4 per cent per annum, or, with the consent of the beneficiary, for a lesser sum. If a workman has been awarded compensation for permanent partial disability, the commission may, in its discretion, pay to him in a lump sum an amount not exceeding one-half of the present value of the unpaid award, computed as aforesaid, and thereupon all subsequent monthly instalments shall be reduced proportionately. In all cases where the award for permanent partial disability does not exceed six degrees, the commission may, in its discretion, pay to the injured workman in a lump sum an amount equal to the present worth of such award.''

Prior to this amendment, the above section read as follows:

''If a beneficiary shall reside or remove out of the state and shall have been such nonresident for a period of one year, the commission may, in its discretion, convert any monthly payments thereafter to become due to such beneficiary into a lump sum payment, not in any case exceeding four thousand dollars ($4,000), by paying a sum equal to three-fourths of the present value of such monthly payments, estimated as to duration by the life expectancy of the beneficiary in case of death or total permanent disability and computed according to the American mortality table and on the basis of interest at the rate of 4 per cent per annum, or, with the consent of the beneficiary, for a lesser sum, and in any case the commission may, in its discretion, pay over to any beneficiary or injured workman in a lump sum an amount not exceeding one-half of the present value of the monthly instalments payable to such beneficiary or injured workman and computed as aforesaid, and thereupon all subsequent monthly instal-

ments shall be proportionately reduced. In all cases where the period of payments for permanent partial disability does not exceed 24 months, the commission may, in its discretion, pay to the injured workman in a lump sum an amount equal to the present worth of the monthly instalments payable to such injured workman.'' Laws of 1933, Chap. 128, § 14.

It is to be noted that at the time the workman was injured the act of 1933, just quoted, was in force and effect. Under that law, the Industrial Accident Commission had the discretion of compromising all awards for disability regardless of the residence of the injured workman, by paying one-half thereof in a lump sum and reducing the subsequent monthly instalments proportionately: *Interstate Window Glass Company v. Kitchens,* 161 Okla. 71 (17 P. (2d) 462); *Smith & Son Drilling Company v. Cox,* 162 Okla. 301 (21 P. (2d) 496).

The Workman's Compensation Act provides for the supervision by the State Industrial Accident Commission over the contracts of attorneys and others for services rendered the injured workman in procuring his claim, and gives to the commission the right to fix the extent and manner of payment of such attorney's or other's compensation. If the award made by the commission is not satisfactory to the injured workman, he may appeal from its decision to the circuit court where the cause can be tried to a jury on the question as to whether the workman is entitled to any compensation and to what extent. If the workman receives an award from the circuit court, that court can then fix the extent and manner of payment for such services. The power of the court and the commission are coextensive in this regard. The statute reads:

''No claim for legal services or for any other services rendered before the commission in respect to

any claim or reward for compensation, to or on account of any person, shall be valid unless approved by the commission, or if proceedings on appeal from the order of the commission in respect to such claim or award are had before any court, unless approved by such court. * * * Any claim so approved shall, in the manner and to extent fixed by the commission or such court, be a lien upon such compensation." Laws of 1933, Chap. 115, § 1.

. "Manner" is defined by Funk & Wagnalls New Standard Dictionary as: "1. The way of doing anything; method of procedure; mode; as, in the best manner." When the commission fixes the attorney's fee, it fixes its amount (extent) and the method (manner) by which it shall be paid; when it becomes the duty of the court to fix the attorney's fee, the court fixes the amount (extent) and the method (manner) the attorney shall be paid, whether in a lump sum and the amount deducted from the total award segregated, or in partial monthly instalments. To provide for the payment of the attorney's fee in full monthly instalments of the amount awarded, to the exclusion of the injured workman, would defeat the very object of the act which is intended to provide maintenance for the injured workman and his family.

. The attorney's fee would of necessity be paid out of the segregated accident fund. The law provides:

"For every case of injury resulting in * * * permanent total disability * * * on account of which deferred payments are provided for, * * * it shall be the duty of the commission forthwith to notify the state treasurer in writing of the amount required to equal at 4 per cent interest per annum the present worth of the monthly instalments, payable on account of such injury, the number of such payments being computed in case of permanent total disability according to the age of the injured workman, and in the case of

death according to the ages of the beneficiaries, both of such computations being according to the American mortality table and the expectation of life thereunder, and in the case of permanent partial disability according to the schedule above prescribed. Thereupon, the state treasurer shall transfer from the accident fund to a fund to be known as the segregated accident fund the amount so specified by the commission. * * *"
Laws of 1933, Chap. 128, § 10.

At the time the injured workman made claim before the Industrial Accident Commission, the law relating to the payment of his claim in a lump sum was in effect. Naturally the attorney, who contracted with him to present his claim, was contracting with the view to the law as it existed at the time the workman was injured: *Casaday v. State Industrial Accident Commission,* 116 Or. 656 (242 P. 598); *Hyman Bros. Box and Label Company v. Industrial Accident Commission,* 180 Cal. 423 (181 P. 784).

The legislature had the right to assume supervision over the moneys paid out of a trust fund. We think that the law of 1933, *supra,* governs all the rights of the parties in the instant case.

What the legislature intended, by granting supervision to the commission or the court over the attorney's fee and requiring the approval of any contract entered into between the attorney and the injured workman, was to prevent an attorney from overreaching or overcharging the injured workman for the services rendered in connection with his claim, and also to provide against the injured workman refusing to pay the fee allowed to the attorney by the commission or the court.

The legislature has the power to change the manner in which the injured workman shall be compensated. The amendment of 1935, *supra,* did not expressly take

away from the commission or the court, the discretion of paying in a lump sum those who were under the act and injured while the law of 1933, *supra*, was in effect.

It is a general rule of law that statutes will not be given a retroactive effect unless it clearly appears to be the intention of the legislature so to do. In the instant case, the statute of 1935, *supra*, amended the law as to the method and manner in which the injured workman should be paid. It made no mention of the discretion of the commission or the courts in fixing the manner and extent of the payment of awards or attorney fees of those injured while the law of 1933, *supra*, was in effect.

In causes arising under the law as amended by the act of 1935, we are of the opinion that the court or the commission has the authority to fix the manner and extent of the payment of attorney's fees in a proper case, but can not fix it in a different manner or to a greater extent than the statute provides the workman shall be paid. It must be remembered that neither the court nor the commission could allow an attorney's fee out of the general accident fund, but only out of that part which has been segregated and set apart for the payment of the award made to the injured workman, and only in the manner and to the extent provided by law. When the law provides for a lump sum payment of the award, either the award or the attorney's fee may be paid in that manner: *Interstate Window Glass Company v. Kitchens*, supra; *Smith & Son Drilling Company v. Cox*, supra.

The judgment of the circuit court will be affirmed. It is so ordered.

BELT, J., concurs.

KELLY and BEAN, JJ., concur in the result.