EVA WIMS, DEPENDENT OF IKE WIMS, DECEASED, EMPLOYEE, RESPOND-
ENT, v. HERCULES CONTRACTING COMPANY, EMPLOYER, AND HART-
FORD ACCIDENT AND INDEMNITY COMPANY, INSURER, APPELLANT.
—123 S. W. (2d) 225.

St. Louis Court of Appeals.   Opinion filed January 3, 1939.

Motion for rehearing overruled January 17, 1939.

Writ of Certiorari denied March 7, 1939.

(1)

*Bartley & Mayfield* for respondent.

*A. B. Lansing* and *Moser, Marsalek & Dearing* for appellants.

BENNICK, C.—This is a proceeding under the Workmen's Compensation Law (Secs. 3299-3376, R. S. Mo. 1929 [Mo. St. Ann., secs. 3299-3376, pp. 8229-8294]), the appeal being by the employer and insurer from the judgment of the circuit court affirming the award of the commission, and involving the question of the power of the commission to have ordered, as a part of its award, that a portion of the death benefit awarded to the dependent widow of the deceased employee should be commuted and paid in a lump sum to her attorneys as a fee for the services rendered by them in her behalf in connection with the proceedings for compensation.

The employee's death occurred on September 25, 1936, as the result of injuries sustained on September 23, 1936, when he was crushed by a falling wall while engaged in the wrecking of a building located at Belt and Natural Bridge Avenues in the City of St. Louis, Missouri.

Though death concededly occurred by accident arising out of and

in the course of the employment, the employer and insurer nevertheless denied liability for compensation (save as to funeral expenses of $150), the point of dispute being that of the status of Mrs. Wims as the dependent widow of the deceased in view of the fact that since February, 1931, she had continuously made her home with her mother in Lackland, Ohio. Suffice it merely to say with respect to this feature of the case that at the hearing on the claim it was shown by Mrs. Wims without contradiction that her living apart from from her husband had been with his consent and approval, due to their financial inability to maintain a home together in the City of St. Louis, and had in nowise been attributable to her fault so as to have relieved her husband from legal liability for her support.

Upon being notified of her husband's death Mrs. Wims returned at once to St. Louis, and while in the city employed the law firm of Bartley and Mayfield to represent her in her claim for compensation, such employment being evidenced by a contract in writing, signed by Mrs. Wims, in which she recited that "for your services I agree to pay you twenty-five per cent of the amount of any settlement of said claim made before or after award is filed or twenty-five per cent of any judgment rendered upon a trial of the issues of said claim."

The attorneys thereupon began their investigation of the case for the primary purpose of establishing Mrs. Wims' status as the dependent widow of the deceased, and, as has already been indicated, eventually obtained an award in her favor for the death benefit provided by the act.

During the course of the several hearings on the claim the firm of Bartley and Mayfield filed with the commission the contract of employment theretofore entered into by them with Mrs. Wims, and requested the commission to allow them, out of any award which might be made in her favor, a lump sum fee for their services in connection with the proceedings for compensation, the same to be commuted and made payable to them at the time of the entry of the award. Evidence was introduced to the effect that, taking into consideration the fact that the employment had been upon a contingent basis, a fee of from twenty-five per cent to thirty-three and one-third per cent of the total amount of compensation recovered would be a reasonable charge for the services rendered and to be rendered by such attorneys in prosecuting the claim to a conclusion.

On final hearing the commission awarded the widow a death benefit of $18.98 a week for 300 weeks, subject to credits of $150 for burial expenses paid by the insurer and $581.76 already paid the widow as compensation, and then, with respect to the request of the widow's attorneys for the allowance to them of a lump sum fee as a lien upon the compensation awarded the widow, made the following provision:

"The firm of Bartley and Mayfield, attorneys, is awarded twenty-five per cent of all payments under this award and for the last 260

weeks, beginning July 1, 1937, one-fourth of said weekly payments of $18.98, to-wit $4.74½ to be paid to said Bartley and Mayfield at the commuted value of $1056.60, and that from and after said July 1, 1937, the weekly balance of $14.23½ to be paid said widow, Eva Wims, for 260 weeks, subject to her prior death or remarriage.''

Thus it appears that the commission, after allowing the widow's attorneys a fee fixed at twenty-five per cent of the total death benefit as a lien thereon, provided for its payment as to all but the first forty installments of benefits by commuting to the sum of $1056.60 the percentage allowed the attorneys for the 260 installments coming due after July 1, 1937, some 240 of which had not yet accrued at the time of the entry of the final award on November 30, 1937.

The employer and insurer argue that in so commuting the percentage of the installments falling due after July 1, 1937, and particularly so with respect to the installments not yet due at the time of the entry of the final award on November 30, 1937, the commission acted without and in excess of its powers, first, in that it disregarded the contingent nature of the obligation for payment of future compensation; and second, in that the act does not invest the commission with the power in any case to commute future installments of compensation for the purpose of paying attorney's fees.

The source of the commission's power to take action with respect to the regulation and payment of attorney's fees for services rendered in connection with compensation proceedings is to be found in the concluding portion of section 3321, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3321, p. 8260), which reads as follows:

''The compensation payable under this chapter, whether or not it has been awarded or is due, shall not be assignable, shall be exempt from attachment, garnishment, and execution, shall not be subject to set-off or counter-claim, or be in any way liable for any debt and in case of the insolvency of an employer or his insurer, or the levy of an attachment or an execution against an employer or insurer shall be entitled to the same preference and priority as claims for wages, without limit as to time or amount, save that if written notice is given to the commission of the nature and extent thereof, the commission may allow as lien on the compensation, reasonable attorney's fees for services in connection with the proceedings for compensation if such services are found to be necessary and may order the amount thereof paid to the attorney in a lump sum or in installments. All attorney's fees for services in connection with this chapter shall be subject to regulation by the commission and shall be limited to such charges as are fair and reasonable and the commission shall have jurisdiction to hear and determine all disputes concerning the same.''

Though it is true, just as the employer and insurer point out in argument, that section 3321 does not specifically say that the commission shall have the power to commute future installments of

compensation in order to provide for the immediate payment of an attorney's fee, we are nevertheless convinced that such is its unmistakable purport and meaning insofar as it provides that the commission may order the amount of his fee to be paid to the attorney in a lump sum.

It is certain that the section invests the commission with the power to secure and direct the payment of the whole of the attorney's fee, that is, "the amount thereof;" and if the power to order a lump sum payment is to be limited either to directing immediate payment out of compensation already due and unpaid or future payment out of compensation to become due in subsequent installments, it is significant that the section does not say so. To the contrary, the very idea of lump sum payment, which constitutes a departure from the normal method of payment under the act, reasonably implies immediate payment of the fee in full, a result that could not be accomplished in most cases arising under the act unless the commission were to have the power to commute future installments of compensation as it has done in making its award in the case at bar.

In this respect we think that section 3321, which authorizes the commission in its discretion to order a lump sum payment of an attorney's fee where the services of the attorney are found to have been "necessary" in connection with the proceedings for compensation, is to be read along with section 3346, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3346, p. 8282), which authorizes the commission to commute the compensation awarded, in whole or in part, whenever it appears that such commutation will be for the "best interest" of the employee or his dependents as the case may be. Compensation insurance carriers are ordinarily not to be found without competent counsel employed to represent them when they appear before the commission to resist a claim, and with this the prevailing situation in this character of litigation, where it appears that the particular claim was such that the services of an attorney were "necessary" to the proper prosecution of it, then the "best interest" of the claimant may be served under certain circumstances by an order of the commission commuting so much of the compensation awarded him as will be required for the immediate payment of a reasonable fee to his attorney, who might otherwise have been unable or unwilling to give his time and efforts to the case. We cannot escape the conclusion, therefore, that section 3321 does impliedly invest the commission with the power in a proper case to commute future installments of compensation for the purpose of securing immediate payment of an attorney's fee, though with all such orders subject to review as in the act provided when review is sought at the instance of a party entitled to complain.

The employer and insurer insist, however, that even though the commission be held to have the power to commute future installments

of compensation for the purpose of securing immediate payment of a reasonable fee to the claimant's attorney, it must in any event be convicted of having improperly exercised such power in the instant case in that it disregarded the contingent nature of the obligation for payment of future compensation, which contingency arises out of the circumstance that the award was to a widow, upon whose death or remarriage the death benefit would entirely cease, there being no other dependnts who would be entitled to any unpaid remainder of such death benefit upon the happening of either of the above contingencies. [Sec. 3319(d), R. S. Mo. 1929 (Mo. Stat. Ann., sec. 3319 (d), p. 8254).]

In other words, the employer and insurer contend that in commuting the percentage of the future installments of compensation apportioned to the widow's attorneys as their fee, the commission rendered absolute a liability of the employer and insurer, which, under the terms of the act, was made conditional and contingent upon the continuance of the widow's life and widowhood and might therefore have never accrued as an actual liability on the part of the employer and insurer.

There can be no denying the truth of such a possibility, and the only complete answer to the point is to say that to the extent that the act invests the commission with authority to commute awards of compensation, it not only does so without regard to whether the award is made to the employee himself or, as in this case, to a dependent, but also fails to require the commission in making such commutation to take precautionary measures against any of the contingencies (such as change for the better in the employee's own condition, or the death or remarriage of the widow) which might serve to affect the liability of the employer and insurer for the payment of future installments of compensation.

Indeed most awards of compensation are in a sense conditional so long as any part of them remains to be paid in future installments, though subject nevertheless to be made absolute by the commission, in whole or in part, through commutation to a present lump sum value, if the case presents such unusual circumstances as to warrant a departure from the normal method of payment. [Stolbert v. Walker-Jamar Co., 231 Mo. App. 1020, 84 S. W. (2d) 213; State ex rel. v. Missouri Workmen's Compensation Commission (Mo. App.), 113 S. W. (2d) 1034, 1038.] Weighing all sides of the matter, there might or might not be merit to a requirement that in the event of commutation of future payments of compensation, due consideration should be had for the contingent nature of the liability and appropriate measures taken for the protection of the rights of the employer and insurer. However if fault is to be found with our present act in that regard, the complaint should be addressed to the Legislature and not the courts, and until such time as the power of the

commission with respect to the commutation of awards may be otherwise limited than as presently stated in the act, the courts have no recourse but to give effect to the act as it is written.

This brings us then to a consideration of certain other objections which are urged by the employer and insurer, and which go, not (as with the matters heretofore discussed) to the question of the right of the commission to have commuted a portion of the award to its present cash value for the purpose of the immediate payment of a fee to the widow's attorneys, but instead to the question of whether there was a sufficient basis in the case for the allowance of. the particular fee fixed by the commission. In short, their point is that inasmuch as the contract between the widow and her attorneys called for payment of a contingent fee, that is, a fee to become due and payable only in the event of the widow's recovery upon her claim, the commission was not warranted under the evidence in awarding the present value of such contingent fee as a fair and reasonable immediate cash fee.

Whatever might be the situation if the widow were dissatisfied with the action of the commission, we think it is clear that the employer and insurer may not be heard to complain of the amount of the fee allowed. It is to be borne in mind that their total liability on account of the death of the deceased was fixed by the award, which, under the normal method of payment provided by the act, was to be paid in installments, save only as the commission, in the legitimate exercise of its powers, might order the whole or any portion of the award to be commuted and redeemed by a lump sum payment. Whether or not the case was one for commutation was of course a matter which the employer and insurer could very properly contest, but once the right to commutation was established, then they have no further cause for grievance. This for the reason that the fee allowed could only be, and is, wholly chargeable against the amount of compensation that the widow would otherwise receive, and if it is in point of fact excessive or in any respect unsupported by the evidence as the employer and insurer so strenuously contend, she alone is harmed by the action of the commission and is alone entitled to complain of it. So far as the employer and insurer are concerned, the important thing is that payment of the fee allowed, whatever its proportions, will in any event extinguish their liability to that extent, and so it is of no moment to them what payment may be made as between the widow and her attorneys. [Elihinger v. Wolf House Furnishing Co., 337 Mo. 9, 21, 85 S. W. (2d) 11, 17; Id., 230 Mo. App. 648, 661, 72 S. W. (2d) 144, 150; Clingan v. Carthage Ice & Cold Storage Co., 223 Mo. App. 1064, 1069, 25 S. W. (2d) 1084, 1086; Gendron v. Dwight Chapin & Son, 225 Mo. App. 466, 473, 37 S. W. (2d) 486, 489.]

Finally the point is made, though it is but barely touched upon

in the brief, that the commission acted without and in excess of its powers in ordering the fee paid to the attorneys as of September 23, 1936, the date of the accident. Had the commission in fact made such an order it would indeed have been erroneous, since the request for the allowance of the fee was not presented to the commission until nine months after the employee's death. We think it is clear, however, that the order for the payment of attorneys' fees pertains only to the last 260 weeks of compensation beginning July 1, 1937, and that the subsequent notation—"each of said payments to begin as of September 23, 1936, and to be payable and be subject to modification and review as provided in said act''—has reference only to the payments to be made to the widow. Of course it was the date of death and not the date of the accident that marked the accrual of the widow's right to compensation, but such slight error with respect to the time as of which compensation was payable to the widow did not extend to or affect that portion of the award having solely to do with the payment of the fee to her attorneys.

It follows that the judgment of the circuit court affirming the award of the commission should in turn be affirmed by this court, and the commissioner so recommends.. .

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.