Argued at Pendleton October 30; modified November 19, 1940

# DICKISON *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(107 P. (2d) 104)

*Oliver Crowther*, Assistant Attorney General (I. H. Van Winkle, Attorney General, and C. S. Emmons, Assistant Attorney General, on the brief), for appellant.

*Blaine Hallock*, of Baker (Hallock, Donald & Banta, of Baker, on the brief), for respondent.

RAND, C. J. On July 6, 1939, Mark B. Dickison, the husband of respondent, the plaintiff herein, and the father of her six minor children, sustained a personal injury while employed as a scaler by the Stoddard Lumber Company. At the time of the accident, both he and his employer were subject to the workmen's compensation act. Immediately following the accident, he became unconscious and was taken to a hospital where he died on the fourth day thereafter.

Within the time provided by law, respondent applied to the State Industrial Accident Commission for compensation for her husband's death. Her application was rejected on the ground that there was no evidence sufficient to show that decedent's death had resulted from "a personal injury by accident arising out of and in the course of his employment caused by violent or external means", without which compensation could not be granted under the statute. Thereafter, a petition for rehearing was duly filed with the Commission and, upon its being rejected, an appeal therefrom was then taken by the respondent to the circuit court for

Baker county, under and in accordance with the provisions of section 49-1843, Oregon Code 1930, as amended by chapter 455, Oregon Laws 1933. The Commission having answered and the cause being at issue, a jury was called and sworn to try the case. At the close of respondent's case in chief, the Commission moved for a judgment of involuntary nonsuit and, this motion being denied, rested without offering any testimony whatsoever.

Upon the final submission of the case, the following question was submitted to the jury by the court and was answered by its verdict as follows:

"Did the deceased Mark B. Dickison on or about the 6th day of July, 1939, while subject to the provisions of the Workmen's Compensation Act, sustain a personal injury by accident arising out of and in the course of his employment, caused by violent and external means and constituting the proximate cause of and resulting in his death?

"Yes. Unanimously."

 Under the workmen's compensation act—section 49-1843, Oregon Code 1930,—where an appeal is taken from the order of the Commission, either party may demand a jury trial "upon any question of fact", and the decision of the jury upon such a question is binding and conclusive upon the courts. Under this provision, it has uniformly been held that the scintilla rule does not apply and that the finding of a jury upon a question of fact must be based upon substantial evidence. Applying this rule to the facts proved in this case, we find from the bill of exceptions that the decedent, Mark B. Dickison, was an employee of the Stoddard Lumber Company and that, while performing his duties as such employee, he was engaged in assisting another employee of that company in un-

loading a truckload of logs, and that, while so engaged, he sustained a personal injury under the following circumstances: Virgil Davis, the driver of the truck, was standing on the front end of the truck and the decedent was either standing on the ground or on the rear end of the truck, the evidence in that respect being conflicting. Both were using peavies in unloading the truck and all the logs had been removed from the truck except one before the accident happened. This log, it appears, was flattened at one end which made it difficult to roll from the truck. Davis and the decedent each rocked the log back and forth until finally it was rolled from the truck. The instant that happened, the decedent, who, prior to that time, was in good health, was seen by several witnesses on the ground on his hands and knees immediately back of or under the rear of the truck, with blood flowing from a cut about 2½ inches long on the side of his forehead and with blood streaming from his mouth. While he was being assisted from the ground, he became unconscious and was taken, while in that condition, to a point on the Sumpter Valley Railway line called Curry, some 2½ miles from the place of the accident, and there placed upon a cot; an ambulance was immediately called and the decedent was removed to a hospital, where he died on the fourth day thereafter.

From this evidence, it is obvious that the decedent sustained a personal injury by accident arising out of and in the course of his employment caused by violent or external means. Neither the respondent nor the Commission called any doctor or nurse who attended decedent after his arrival at the hospital and, therefore, there was no expert testimony offered as to the cause of his death. Nor do we have any fact or cir-

cumstance testified to tending to show that decedent's death was not caused by the accident above referred to.

While it is true, as contended by the Commission, that the burden of proving that decedent's death was caused by the injury above referred to was upon the respondent, yet we are unanimously of the opinion that the testimony offered by respondent was sufficient to establish a reasonable probability that decedent's death resulted from the injury and to require the Commission to go forward to prove, if it could, that decedent's death was not caused by such injury. The rule applicable to the degree of proof required of the respondent to render her cause invulnerable to a motion for nonsuit is well stated in *Patty v. Salem Flouring Mills Co.*, 53 Or. 350, 357, 98 P. 521, in the following excerpt which was quoted with approval in *Carter v. Howard*, 160 Or. 507, 512, 86 P. (2d) 451:

"The degree of proof required of a plaintiff, who, in order to obtain a favorable judgment, must sustain the material issues involved, is generally classed as a probability. If, when he rests his case, the facts which were incumbent upon him to establish, appear from the evidence as merely possible, the court, upon motion of the adverse party, should grant a judgment of nonsuit for failure to prove a material issue. When, however, after the plaintiff rests his case, it appears from his evidence that the facts developing upon him to make manifest are quite probable, his cause has passed the danger point of a nonsuit, and, together with the defendant's evidence, if ordered, should be submitted to the jury for them to determine the credibility of the witnesses and the weight of the testimony, by comparing and considering the balancing probabilities."

Hence, we hold that the evidence offered by the respondent was sufficient to present a question for the jury and that the motion for an involuntary nonsuit was properly overruled.

■ In entering judgment, however, the court awarded to the attorneys for respondent an attorney's fee of $500 and directed that that amount should be paid in a lump sum and be a lien upon the compensation to be paid to the respondent. The court was authorized to fix the amount of the attorney's fee in the sum of $500, that having been agreed upon between the respondent and her attorneys. The court had no authority, however, to direct that this amount should be paid in a lump sum since respondent's compensation was not itself payable in a lump sum. As said by Mr. Chief Justice CAMPBELL, now deceased, in *Carr v. State Industrial Accident Commission*, 153 Or. 517, 57 P. (2d) 1278:

"* * * To provide for the payment of the attorney's fee in full monthly instalments of the amount awarded, to the exclusion of the injured workman, would defeat the very object of the act which is intended to provide maintenance for the injured workman and his family. * * * It must be remembered that neither the court nor the commission could allow an attorney's fee out of the general accident fund, but only out of that part which has been segregated and set apart for the payment of the award made to the injured workman, and only in the manner and to the extent provided by law. When the law provides for a lump sum payment of the award, either the award or the attorney's fee may be paid in that manner."

The judgment appealed from will, therefore, be modified so as to provide that 25% of each installment payable to respondent shall be paid to respondent's attorneys until the full sum of $500 has been paid. As so modified, the judgment appealed from is affirmed, plaintiff to recover her costs and disbursements upon this appeal.

BEAN, BELT and LUSK, JJ., not sitting.