Argued February 18; modified March 24, 1942

# VERBAN v. STATE INDUSTRIAL ACCIDENT COMMISSION

(123 P. (2d) 988)

396

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*C. L. Marsters,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Oliver Crowther and C. S. Emmons, Assistant Attorneys General, on the brief), for appellant.

*Gunther F. Krause,* of Portland (Victor R. Griggs, of Portland, on the brief), for respondent.

BRAND, J. Concerning petitions for rehearing, the statute provides in part as follows:

"* * * Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing, which application must be filed within sixty days from the day on which such copy of such order, decision or award was mailed claimant.

"Such application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof. The claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon which such rehearing is sought other than those specifically set forth in such application for rehearing." 7 O. C. L. A. § 102-1773.

██ The plaintiff's letter of June 21, 1940, falls far short of any substantial compliance with the statute and does not constitute a petition for rehearing within the meaning of 7 O. C. L. A. 102-1773. The fact that, by reason of plaintiff's letter, the commission held a rehearing cannot operate to transform the informal letter into a petition for rehearing within the meaning of the statute. It follows that the formal petition for rehearing filed on August 2, 1940, was not the second but was in fact the original petition for rehearing in this case. If the petition for rehearing of August 2, 1940, was denied by the commission on the ground that it was a second petition and therefore unauthorized under the rule of *Gerber v. S. I. A. C.* (supra), then the commission was in error for the reason stated.

The defendant commission challenges the jurisdiction of the circuit court upon a second and alternative ground, as follows:

"If respondent's letter of June 21, 1940, is not a petition for rehearing, then all subsequent orders of appellant were made on appellant's own motion and are, therefore, not appealable orders."

This presents a difficult question by reason of ambiguity in the statute, which provides as follows:

"The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate its former findings, orders or awards if in its opinion such action is justified. There shall be no right of appeal from any order or award made by the commission on its own motion. An appeal may be taken from any order of the commission which diminishes or terminates a former award if such former award was not entered by the commission on its own motion." Laws of 1935, p. 215; O. C. L. A. 102-1771 (d).

In appellant's brief, the commission states its position as follows:

"If respondent's letter of June 21, 1940, was not a petition for rehearing, then there was nothing to require appellant to act upon respondent's claim, and therefore, pursuant to its power of continuing jurisdiction, upon its own motion entered the order of July 17, 1940. This order being upon the commission's own motion, respondent has no right of appeal therefrom."

■ We agree that if, *pursuant to its power of continuing jurisdiction* and upon its own motion, the commission made the orders of July 17th and 20th, there would be no right of appeal, but a careful consideration of the history and wording of the statute convinces us that it is only orders made upon the commission's own motion *pursuant to its continuing jurisdiction* that are not appealable. We have concluded that the orders in question were not made pursuant to the commission's continuing jurisdiction, as that term is employed in the statute, and that therefore the order of July 20th was appealable.

The original act, Laws of 1913, Chap. 112, Sec. 27, authorized a claimant to make application in the event of change of circumstances warranting an increase or rearrangement of compensation. It also provided that:

"If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the commission may, upon the application of the beneficiary, or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided, or, in a proper case, terminate the payments." Laws of 1913, Chap. 112, Sec. 21 (i), O. L. 6626 (i), O. C. 49-1827 (i), Laws of 1933, p. 141 (repealed by Laws of 1935, Chap. 139, Sec. 3).

It provided further that:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right accrued." Laws of 1913, Chap. 112, Sec. 27 (d).

That act contained no provision that the jurisdiction of the commission should be continuing, and it was therefore a reasonable inference that the commission itself would lose jurisdiction at the end of the year unless an application had been filed within the year.

The 1917 act, Chap. 288, p. 559, continued the former provision for rearrangement of the compensation in the event of changed circumstances. It also continued the 1913 provision concerning readjustment of compensation in the event of aggravation, diminution or termination of disability; (Laws of 1917, Chap. 288, p. 555). It provided that no application shall be valid or claim thereunder enforceable in non-fatal cases unless filed within three months, nor in fatal cases unless within the year, but it added a section as follows:

"The power and jurisdiction of the commission shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as in its opinion may be justified." Laws of 1917, p. 559; 2 O. L. 6632 (e).

This provision was obviously for the purpose of making clear that the commission retained jurisdiction to act on its own initiative after the expiration of three months in non-fatal cases and after the expiration of one year in fatal cases.

An important amendment was made in 1925, (Chap. 133, p. 200, O. C. 49-1836 (c)), which authorized the filing with the commission of applications for aggra-

vation, which, however, were required to be filed within one year of the date of the first award of compensation. It provided that:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor. However, the power and jurisdiction of the commission shall be continuing, and it may, *upon its own motion only*, from time to time make such modification or change with respect to former findings, orders or awards as in its opinion may be justified, but no appeal from or review of such proceedings shall be had."

Laws of 1925, Chap. 113, p. 200 (c) O. C. 49-1836 (c). (Re-enacted with minor change in Laws of 1933, Chap. 384, p. 621.)

It will be noted that at all times from 1913 to 1925 the statutes had authorized the commission to modify former findings, orders or awards, either on the application of the beneficiary or upon its own motion. The 1925 act again contained the provision that the jurisdiction of the commission shall be continuing as was provided in 1917, but in the 1925 act it is provided that the modifications with respect to former findings, orders or awards may be made upon its own motion *only* and that no appeal from or review of such proceedings shall be had. These provisions, following as they do other stipulations in the same sec-

tion limiting the time within which applications for aggravation may be filed, indicate the true meaning of the provision that "the power and jurisdiction of the commission shall be continuing." It was the legislative intent that the jurisdiction of the commission upon its own motion should continue after the expiration of the time within which claimant could invoke its jurisdiction. The commission was authorized by this section "upon its own motion only" to make modifications. Hence the "continuing" jurisdiction must have referred only to the period which followed the termination of the right of a claimant to invoke jurisdiction, for prior to that time action might be had on motion of either. Again, the 1925 act provided that no appeal should be had from "such proceedings." We think that "such proceedings" refers to the modifications authorized in the same sentence, namely, modification on its own motion in the exercise of its continuing jurisdiction.

A review of the compensation act as amended discloses that from the date of the enactment of the 1925 laws until the enactment of the 1935 laws, two separate sections dealing with the readjustment of compensation co-existed. Both have been set forth in the earlier portion of this opinion. The first is section 21 (i) of Chap. 112, Laws of 1913, (which we shall call the 1913 section). The second is O. C. 49-1836 (c); Laws of 1925, p. 200, (which we shall call the 1925 section). Throughout this period of ten years the 1913 section provided that in the event of aggravation, diminution or termination of disability, the commission might readjust compensation either upon the application of the beneficiary or upon its own motion, while the 1925 section provided that in the event of aggravation, the

"power and jurisdiction of the commission shall be continuing, and it may upon its own motion" only modify its former orders.

Obedient to rules of construction, we seek an explanation which would harmonize both statutes. The first section, dating back as it does to 1913 when there was no provision for continuing jurisdiction of the commission, obviously referred to the readjustment of the compensation either by the commission on its own motion or on application of the beneficiary during the period within which the beneficiary was entitled to apply. The 1925 section appropriated the language of the 1917 act (Laws of 1917, p. 559), providing that the jurisdiction of the commission shall be continuing, and immediately following those words it was provided that the commission "may upon its own motion only" modify former orders. This section may be harmonized with the earlier one by construing it to mean that in the exercise of its continuing jurisdiction the commission alone can originate proceedings to modify former orders. The "continuing jurisdiction" would apply only to the period which began at the end of the period within which the claimant might invoke the jurisdiction of the commission. Carrying out this view, it would appear, at least from 1925 to 1935, that the provision in the 1925 section above referred to which provides that "no appeal from or review of such proceedings shall be had" applies only to such proceedings as were had in the exercise of the continuing jurisdiction. The conclusion would be that if the commission at its own instance modified a previous award during the time within which the claimant could invoke the commission's jurisdiction, such modification would be an appealable order, but that when the "continuing" jurisdiction was exercised no appeal could be had.

The 1925 act for the first time introduced the requirement of a petition for rehearing as a condition precedent to appeal. At the earliest, therefore, the "continuing jurisdiction" would not commence until the expiration of the time for filing a petition for rehearing.

■ The statute which controls the case at bar is 7 O. C. L. A. 102-1771 (d), Laws of 1935, p. 215, which is set forth supra. Here again we find first the provision that the jurisdiction of the commission shall be continuing, second, that the commission may modify its former orders upon its own motion, third, that there is no right of appeal from an order on its own motion, and fourth, that an order diminishing or terminating an award made "on its own motion" is not appealable. In view of the history of the relevant sections, the conclusion must be reached that here, too, the provision concerning modification "on its own motion" refers only to orders made pursuant to the continuing jurisdiction of the commission, and that therefore the third provision barring appeals relates only to such orders. The fourth provision of the section then properly provides that there shall be no appeal from an order of the commission which diminishes or terminates a former award when such former award was entered by the commission *on its own motion*. Never since 1913 has there been any question concerning the jurisdiction of the commission to readjust the rate of compensation or terminate the payments on its own initiative at any time during the period within which the claimant had a right to invoke that jurisdiction, nor is there now any such question. We conclude that the object of the provision of the year 1917 and of later years granting to the commission continuing jurisdiction was to make

clear that the jurisdiction of the commission extended beyond the period within which the claimant had a right to invoke it. This construction and this alone can avoid possible serious injustices in the administration of the act.

Let it be supposed that the commission makes a final award giving the claimant compensation for permanent partial disability to the extent of 10 per cent of the loss of an arm. Thereafter, without any petition by the claimant, the commission within sixty days of the final award increases the allowance for permanent partial disability to 100 per cent of the loss of an arm. The claimant was dissatisfied with the award of 10 per cent but is completely satisfied with the award of 100 per cent. Had the commission not increased the unsatisfactory award the claimant would, within sixty days, have filed a petition for rehearing, but having received all that he desired, the filing of the petition would be a useless act. If the order of the commission increasing the compensation to 100 per cent is to be construed as having been made ''upon the commission's own motion'' as that term is used in O. C. L. A. 102-1771 (d), it would follow that the commission could then reduce the compensation to 10 per cent of an arm, and the claimant would have no right of appeal, an obviously unjust and undesirable result.

We do not imply that the commission would ever employ such a device in bad faith, but we should, if possible, avoid such a construction of a statute as would make such action legal.

If, on the other hand, the construction which we have approved be adopted the claimant would have the right of appeal from an order of the commission diminishing or terminating a former award if such

former award had been made within the period in which the claimant could file a petition for rehearing. Such an order, although not pursuant to an application for rehearing, is not made in the exercise of the commission's continuing jurisdiction and is therefore not within the provision against the right of appeal.

■ The foregoing hypothetical case closely resembles the case at bar. The final award of June 3, 1940, in the amount of 16 degrees was increased on July 20, 1940, to 32.4 degrees, no petition for rehearing having been filed. (We have held that the letter of June 21, 1940, was not such a petition.) The award of July 20, 1940, was made by the commission within sixty days of its final award. It was made at a time within which the claimant might have filed a petition for rehearing and have secured the identical award. The award of July 20th was not in the exercise of the continuing jurisdiction of the commission, and the claimant therefore had a right on August 2, (within sixty days of the July 20th award), to file a petition for rehearing, and upon its denial on August 14th, the plaintiff was entitled to and did appeal. The circuit court therefore had jurisdiction of the cause.

Another theory might be suggested whereby the same result would be reached. It might be said that the letter of June 21, 1940, although not a petition for rehearing, should be construed to be a motion, so that the order of July 20, 1940, would not be deemed to have been made upon the commission's own motion, but rather on the motion of the claimant. Such a rule requiring that an informal letter should be deemed to be a motion having far reaching legal effects would result in sloppy and confusing procedure. Again, if we were to hold that the letter of June 21, 1940, was a

motion, then it would no doubt be urged in future cases that a similar letter filed after the expiration of the sixty-day period was also a motion and that a ruling upon it was therefore not made "upon the motion" of the commission. The result in that case would be one plainly opposed to the intent of the statute and would give a right of appeal to the claimant upon orders made by the commission which were in the true sense made in the exercise of its continuing jurisdiction and which therefore should be deemed to be made upon the commission's own motion and should not be appealable, nor should there be an appeal if such an award were terminated at any time after it was made.

■■■ By way of summary, we hold:

(1) If the commission makes a final order upon a petition for rehearing filed within sixty days of some order with which the claimant is "aggrieved", whether that final order on the petition is made within sixty days or not, it is exercising merely the original jurisdiction which it has always had to decide petitions of the claimant if made in timely fashion under the statutory limitations of the period in question.

(2) If a final order has been made, and the commission within sixty days but without any petition for rehearing terminates, diminishes or *increases* the award, it in effect terminates the previous final order and gives a right of appeal if claimant is aggrieved thereby and properly files his petition for rehearing. Such an order is not upon the commission's own motion in the exercise of its continuing jurisdiction.

(3) If a final order has been made, and the commission within sixty days but without any petition for rehearing increases an award to the apparent satisfaction of the claimant but thereafter again on its own

initiative diminishes or terminates such award, claimant may if aggrieved thereby file a petition for rehearing, and, if necessary, appeal. Such an order diminishing or terminating would not be deemed to have been made pursuant to its "continuing" jurisdiction and therefore would not be deemed made on its own motion.

■ The defendant commission contends that the circuit court had no authority to award an attorney's fee in a lump sum. The plaintiff had a contract with his attorneys for the payment of a fee contingent upon the recovery, on appeal, of compensation greater than that which had been awarded him by the commission. In the event of such recovery it was agreed that the court "may fix the fee of said attorneys in a reasonable sum as the court may determine." The trial court fixed a reasonable fee in the sum of $192.50, being 25 per cent of the additional amount of compensation awarded to the plaintiff as a result of the appeal to the circuit court, "the same to be paid in a lump sum out of and to be a lien on plaintiff's award of compensation." It is the commission and not the plaintiff who is objecting to the present payment of the lump sum fee, but we think the commission has a direct interest in the matter and is entitled to raise the question.

The commission awarded plaintiff compensation on the basis of 48.4 degrees disability, whereas on appeal the jury fixed disability at 79.2 degrees. Under O. C. L. A. 102-1760, the injured workman receives $25 for each degree of disability, hence the compensation awarded plaintiff by the commission will amount in the normal course of events to the sum of $1,210, while in the circuit court he obtained an additional award which will normally amount to $770. The plaintiff is

not married, and he has no dependents under 18 years of age. It follows, under the provisions of O. C. L. A. 102-1760 that the compensation awarded him by the commission will normally be paid at the rate of $35 per month for many months subsequent to the date of the judgment in the circuit court, and that the first payment of the additional compensation secured for plaintiff by his attorneys will not become due until after the last payment of the compensation awarded by the commission.

■ This being true, the question arises: If the entire attorney's fee is to be paid at the time of judgment, out of what fund should the payment be made? The statute provides that when a claim is allowed, the commission is required to set aside in a segregated fund a sufficient sum to take care of the claim as allowed, (O. C. L. A. 102-1748). The plaintiff contends that the lump sum attorney's fee can and should be paid out of this "fund", but such fund is in no sense a trust fund for the claimant.

"It amounts to nothing more than setting up a reserve to meet a contingent liability, and until money is actually paid out to the claimant no cost has been incurred, unless it be in some technical, accounting sense which we cannot think was in the mind of the legislature." *Bell v. S. I. A. C.*, 157 Or. 653, 74 p. (24) 55.

Concerning attorneys' fees, the statute provides:
"No claim for legal services or for any other services rendered before the commission in respect to any claim or reward for compensation, to or on account of any person, shall be valid unless approved by the commission, or if proceedings on appeal from the order of the commission in respect to such claim or award are had before any court, unless approved by such court. * * * Any claim so approved shall, in the

manner and to extent fixed by the commission or such court, be a lien upon such compensation." 7 O. C. L. A. 102-1775.

The fee is not made a lien on the reserve but on the compensation. The reserve fund is not "compensation" until paid to the workman. How, then, can the quoted statute be authority for the payment of a fee out of the reserve fund at a time preceding by some months the due date of the first installment of compensation which was secured by the attorney?

■ The statute expressly authorizes the commission to pay the workman compensation in a lump sum (7 O. C. L. A. 102-1766), that is, to pay as a lump sum moneys not yet accrued according to the ordinary statutory installment procedure. There is no statute authorizing the court upon appeal to do this. The reason is obvious. The commission is so authorized, but only *in its discretion.* In case of permanent partial disability it may pay a lump sum not exceeding one-half of the present value of the unpaid award computed as provided by statute. The lump sum award may be less than one-half but must not exceed one-half. It is a question addressed to administrative discretion and not to judicial adjudication. To be sure, the court determines the manner and extent of payment of attorney's fees, but only out of the fund upon which the fee is a lien, to-wit:—the compensation secured. Thus, when, at the time of judgment, sufficient installments have accrued so that the entire attorney's fee may be paid therefrom, the court has discretion to presently award to the attorney his entire fee (see opinion and concurring opinion in *Cox v. S. I. A. C.*, (Feb. 10, 1942) 121 P. (2d) 919), but if the court awards the full attorney's fee when there is not sufficient accrued

compensation to pay the same and purports to charge such fee against the reserve fund, which is the property of the commission, it acts administratively and beyond its power, and since such payment must be deducted from moneys accruing to the workman, such action amounts in effect to the payment of a portion of the compensation in a lump sum as that term is used in the statute. If it had been the intention of the legislature to authorize the court to make discretionary lump sum awards of compensation, the statute when it conferred the power on the commission would also have conferred it upon the court. This it did not do.

Plaintiff calls attention to the case of *Cox v. S. I. A. C.* (supra), and asserts that the only difference between the question as raised in the Cox case and as it comes up on this appeal is that in the Cox case at the time of the trial in the lower court sufficient money had become due under the monthly payments, whereas in the case at bar there was no such accumulation. We accept this as the fundamental distinction between the two cases.

■ In the past, some confusion has arisen concerning the meaning of the words "lump sum payment". Concerning this the plaintiff says: "The ordinary conception of a lump sum payment is payment before the same becomes due under monthly payments." We agree that this is the sense in which the phrase has been ordinarily used and in which it was used in O. C. L. A. 102-1766, wherein it is provided that the commission may, in its discretion, pay compensation in a lump sum to the claimant.

■ With this preface we approach the case of *Carr v. S. I. A. C.*, 153 Or. 517, 57 P. (2d) 1278 (1936), on which the plaintiff chiefly relies. In that case an at-

torney's fee of $500 was awarded in the circuit court which provided "the same is hereby ordered paid in a single cash payment forthwith, and that said sum of money be charged against the reserve of the said claimant." The opinion of this court, by Mr. Justice CAMPBELL, does not state what, if any, sum had accrued and was due the plaintiff on the date of the judgment, but an examination of the transcript shows that no sum sufficient to pay the attorney's fee had accumulated at the time of judgment (see concurring opinion of *Cox v. S. I. A. C.*, supra). We have no criticism of that portion of the opinion in the Carr case which was quoted by the majority of this court in the Cox case, as applied to the facts of the Cox case, but upon its own facts we find the Carr case subject to serious criticism. In that case the court described the segregated accident fund as a trust fund for the benefit of the claimant and upon that theory authorized the payment of the attorney's fee to be made therefrom. The trust fund theory as applied to the segregated accident fund is without any support in principle and was rejected in *Bell v. S. I. A. C.*, supra. In awarding an attorney's fee at a time when there was not sufficient accumulated funds from which to pay it the trial court in effect usurped the administrative function of the commission and made a lump sum award before the same became due under monthly payments. It is not important whether the present payment in full of an attorney's fee out of presently accrued installments be called a lump sum payment or not. The important principle is that under such circumstances the trial court has discretion so to award it, but the right to order payment of the full attorney's fee when sufficient funds have not accrued is a question of power and not of discretion. In so far as the

Carr case holds the contrary it is overruled. The discretion of the trial court is limited to a determination of the extent of the attorney's fee and the manner in which it shall be paid out of additional compensation secured by the attorney's efforts. If sufficient compensation has accrued at the time of judgment, the court has discretion to order payment of the attorney's fees therefrom. In other cases the attorney's fee to the extent fixed by the court becomes a lien on the extra compensation secured and is payable therefrom in a reasonable manner to be fixed by the court.

 It may be suggested that since the plaintiff and his attorneys have agreed upon present payment of the entire fee, the court should not interfere, but the statute expressly provides that no claim for legal services in connection with circuit court litigation shall be valid unless approved by the court, and we have said of that statute that "It confers no authority upon the commission nor the courts to do anything about fees in the absence of an agreement between client and attorney in regard thereto." (*Davis v. S. I. A. C.*, 156 Or. 393, at p. 404, 64 P. (2d) 1330, 66 P. (2d) 279, 68 P. (2d) 118). If, as has been suggested the court should be bound by the agreement between attorney and client, then there would be no case to which the statute requiring approval of the court would apply. In a recent case this court said:

"The court had no authority, however, to direct that this amount should be paid in a lump sum since respondent's compensation was not itself payable in a lump sum." *Dickinson v. S. I. A. C.*, 165 Or. 306, 107 P. (2d) 104 (1940).

As applied to cases like the one at bar, the foregoing quotation accurately states the law. It may be

suggested that the attorney's fee should be paid out of the compensation which was awarded by the commission as the same may accrue, without compelling the attorney to await the later period in which the added compensation shall become due. The additional difficulty with this theory is that the compensation awarded by the commission may itself frequently be subject to a lien in favor of some other attorney who may have assisted in securing it. The statute clearly contemplates that the fee of an attorney when approved shall be a lien upon the award of compensation with respect to which he performed services.

It has been thought that the case of *Wims v. Hercules Contracting Co.*, 235 Mo. App. 1, 123 SW (2d) 225 (1939), requires or suggests a conclusion different from our own, but that case differs materially from the case at bar. In that case the fees ordinarily payable to the attorney in installments were commuted to a lump sum, though some of the installments of compensation on which the fees were based had not accrued at the time of the entry of the judgment. The distinction is to be found in the controlling statute. The Missouri act provided:

"* * * the commission may allow as lien on the compensation, reasonable attorney's fees for services in connection with the proceedings for compensation * * * and may order the amount thereof paid to the attorney in a lump sum or in installments."

The court said:

"Though it is true, just as the employer and insurer point out in argument, that Section 3321 does not specifically say that the commission shall have the power to commute future installments of compensation in order to provide for the immediate payment of an attorney's fee, we are nevertheless convinced that such is its unmistakable purport and meaning in so

far as it provides that the commission may order the amount of his fee to be paid to the attorney in a lump sum.''

In that case, the issue related to the power of the commission and not of the court on appeal, and the statute expressly authorized payment of the attorney's fee in a lump sum. No such provision is to be found in the Oregon statute.

■ The judgment of the circuit court remanding the cause to the defendant commission and directing that the plaintiff be awarded compensation for disability equivalent to 90 per cent of the loss of the function of a leg is affirmed. The judgment of the circuit court fixing the attorney's fee in an amount equivalent to 25 per cent of the additional increase in compensation, or the sum of $192.50, ''the same to be paid in a lump sum'', is modified so as to provide that said attorney's fee shall be paid in monthly installments, as, if and when the additional compensation is paid to the plaintiff. The attorney shall be paid 25 per cent of each monthly installment due to the claimant, the said fee to be a lien upon the additional compensation secured through the efforts of said attorney. The plaintiff is entitled to his costs and disbursements in this court.

ROSSMAN, BAILEY and LUSK, JJ., concur in the opinion.

RAND, J., concurs in the result.

KELLY, C. J., dissents.

BELT, J., concurs in part and dissents in part.

---

BELT, J. (concurring in part in the result and dissenting in part): I am unable to concur in all that has been said in the majority opinion concerning the mat-

ter of procedure, but I do think the conclusion reached therein—that the circuit court had jurisdiction of the cause—is correct.

I dissent from that part of the opinion holding that the circuit court has no authority to direct payment of attorneys' fees in a lump sum.

Defendant commission contends that the circuit court had no authority to award attorneys' fees in the sum of $192.50, payable in a lump sum. Plaintiff had a contract with his attorneys that, in the event he recovered more compensation on appeal than had been awarded by the commission, they would be paid a reasonable sum to be fixed by the court for services rendered. This contract was entirely on a contingent basis. The reasonableness of the fee is not challenged. The sum fixed is 25 per cent of the additional amount of compensation awarded to plaintiff as a result of the appeal to the circuit court. The plaintiff is not here complaining but is, indeed, seeking to sustain the judgment awarding compensation to his attorneys. Apparently he considers his attorneys worthy of their hire.

The commission awarded plaintiff compensation on the basis of 48.4 degrees disability whereas, on appeal, the jury fixed his disability at 79.2 degrees. Under § 102-1760 O. C. L. A., the injured workman receives $25 for each degree of disability. Hence the compensation awarded plaintiff by the commission amounts to the sum of $1,210 whereas, in the circuit court, he obtained an additional award of $770. Compensation for permanent partial disability is, under the statute (§ 102-1760 O. C. L. A.), payable at the rate of $35 per month where claimant is not married and has no dependents under 18 years of age. However, in cases of permanent partial disability, the commis-

sion may, in its discretion, pay to the injured workman in a lump sum an amount ''not exceeding one-half of the present value of the unpaid award * * * and thereupon all subsequent monthly installments shall be reduced proportionately.'' (§ 102-1766 O. C. L. A.).

If the attorneys' fees in the instant case are not paid in a lump sum, the payment thereof will, after the expiration of the 34.5 monthly instalments, be made in the sum of $8.75 each month until the fee of $192.50 has been paid. In other words, after plaintiff has been paid $35.00 per month for 34.5 months, as awarded by the commission, the attorneys will then receive 25 per cent of each monthly instalment for a period of 22 months. As a result of the appeal, the monthly instalments were extended 22 months, but the amount paid to the injured workman each month remains the same.

When a claim is allowed, the commission is required to set aside in a segregated fund an amount required to equal at four per cent per annum the present worth of the monthly instalments payable on account of such injury (§ 102-1748 O. C. L. A.). The attorney fees are paid from this segregated fund and it is immaterial to the claimant whether they are paid in a lump sum or by monthly instalments. The fee is deducted in a fixed amount each month from the claimant's compensation regardless of the method of payment. Neither do we think it is detrimental to the fund itself to pay attorney fees in a lump sum. In fact, under the present economic conditions, the fund is benefited by such payment as the segregated fund does not earn four per cent interest.

It is conceded by defendant that it has the authority in certain cases to award, in the exercise of its discretion, a lump sum payment of attorney fees, but it

is contended that the circuit court on appeal has no authority to do so. As a matter of practice, the commission has, in the course of years, in numerous cases, followed such method of payment to attorneys, whether any instalment payments were due and owing to claimant or not.

In my opinion, the circuit court on appeal has the discretion, as does the State Industrial Accident Commission, to order payment of attorney fees in a lump sum in all cases where the statute authorizes commutation of payments by the commission. The authority of the circuit court to do so is derived from § 102-1775 O. C. L. A., as read in the light of § 102-1766 providing for commutation of payments by the commission. Section 102-1775 provides as follows:

"No claim for legal services or for any other services rendered before the commission in respect to any claim or reward for compensation, to or on account of any person, shall be valid unless approved by the commission, or if proceedings on appeal from the order of the commission in respect to such claim or award are had before any court, unless approved by such court. * * * *Any claim so approved shall, in the manner and to extent fixed by the commission or such court, be a lien upon such compensation."* (Italics ours.)

When the circuit court fixes the amount of attorney fees and remands the cause with directions that it be paid in a lump sum, the commission, under the authority vested in it by § 102-1766 O. C. L. A., reduces the subsequent monthly payments proportionately until the fees are paid. It is argued—but not by counsel— that the court has no authority to so direct payment of attorney fees until unpaid and accumulated instalments equal such fees. Such a construction of § 102-

1775 O. C. L. A. requires that the italicized sentence above be read: " 'Any claim so approved shall, in the manner and to extent fixed by the commission or such court, be a lien upon such compensation'; *provided the unpaid instalments due claimant equal the amount of such fees.*" Such restriction upon the court to fix the manner and extent of fees cannot properly be read into the act. We think the legislature must have intended to authorize the court in its discretion to award lump sum attorney fees regardless of accrued instalments. Otherwise, what reason could it have had for vesting the court with power to determine the "manner" or method of payment? The court certainly should not adopt a construction which would nullify the provision of the statute giving to the attorneys a lien upon the fund for legal services as approved by the court or commission.

It is also contended in substance, but not by the commission, that the payment of attorney fees is not proper where the accrued instalments do not equal the amount of the fees, as the injured workman might die or recover—in which event he would not have "earned" the sum thus expended. If plaintiff herein had died before payment in full had been made, the award would not, under § 102-1761 O. C. L. A., be terminated, but payments would continue and be "made to the person or persons who would have been entitled to receive death benefits if the injury causing such disability had been fatal." Of course, it is possible that plaintiff's condition will improve and that the commission by reason thereof will diminish the award, but such contingency is highly improbable.

In *Wim v. Hercules Contracting Co.*, 235 Mo. App. 1, 123 S.W. (2d) 225, argument of a similar nature was made in a case involving payment of the attorney fees

by the commission in a lump sum for services in securing an award for a widow whose husband had been killed while working for an employer covered by the workmen's compensation law of that state. The insurance carrier and the employer contended:

"* * * that in commuting the percentage of the future instalments of compensation apportioned to the widow's attorneys as their fee, the commission rendered absolute a liability of the employer and insurer, which, under the terms of the act, was made conditional and contingent upon the continuance of the widow's life and widowhood and might therefore have never accrued as an actual liability on the part of the employer and insurer."

The court answered:

"There can be no denying the truth of such a possibility, and the only complete answer to the point is to say that to the extent that the act invests the commission with authority to commute awards of compensation, it not only does so without regard to whether the award is made to the employee himself or, as in this case, to a dependent, but also fails to require the commission in making such commutation to take precautionary measures against any of the contingencies (such as change for the better in the employee's own condition, or the death or remarriage of the widow) which might serve to affect the liability of the employer and insurer for the payment of future instalments of compensation."

It is also noteworthy that the lump sum award of attorney fees was sustained although accrued instalments did not equal the amount of the fees.

In construing § 102-1775 O. C. L. A., this court in *Carr v. State Industrial Accident Commission*, 153 Or. 517, 57 P. (2d) 1278, said:

"If the award made by the commission is not satisfactory to the injured workman, he may appeal from

its decision to the circuit court where the cause can be tried to a jury on the question as to whether the workman is entitled to any compensation and to what extent. If the workman receives an award from the circuit court, that court can then fix the extent and manner of payment for such services. The power of the court and the commission are coextensive in this regard. * * *

"When the commission fixes the attorney's fee, it fixes its amount (extent) and the method (manner) by which it shall be paid; when it becomes the duty of the court to fix the attorney's fee, the court fixes the amount (extent) and the method (manner) the attorney shall be paid, *whether in a lump sum* and the amount deducted from the total award segregated, *or in partial monthly instalments.* * * *

"In causes arising under the law as amended by the act of 1935, we are of the opinion that the court or the commission has the authority to fix the manner and extent of the payment of attorney's fees in a proper case, but can not fix it in a different manner or to a greater extent than the statute provides the workman shall be paid." (Italics ours.)

The Carr case is squarely in point as the commission appealed from an order of the circuit court directing attorney's fees to be paid in a single cash payment. There was no accumulation of unpaid instalments sufficient to cover the amount of the attorney's fees, yet the lump sum payment was sustained. There is no good reason for overruling it.

One of the questions in the recent case of *Cox v. State Industrial Accident Commission*, decided February 10, 1942, 121 P. (2d) 919, concerned the authority of the circuit court to order payment of attorney's fees in a lump sum. It was held discretionary with the court and the award was affirmed. The only difference between that case and the one under con-

sideration is that sufficient instalments had accumulated to cover the amount of the attorney's fees as fixed by the court. The predominant thought in the opinion, however, was that the court had the discretion to determine the manner and method of payment. The Carr case was quoted with approval on such question. Referring to § 102-1775 O. C. L. A., the court, speaking through Justice Rossman, said:

"Section 102-1775, O. C. L. A., as interpreted in the Carr decision and the writing signed by the plaintiff, authorized the circuit court to enter the order under attack; provided the exercise of sound discretion concerning the manner of payment warranted payment in a lump sum. * * *

"The duty exacted of courts by § 102-1775, O. C. L. A., that they fix the manner in which the attorney's fee shall be paid contemplates not the promulgation of a universal rule applicable in all cases regardless of the financial circumstances of the beneficiary of the fund, but the exercise of discretion in each individual case."

There has been no abuse of discretion in the instant case. The attorneys have earned their fee and should be paid before they are too old to enjoy the fruits of their victory.